## DAVID D. HAGGARD *et al.*
### *v.*
## WILLIAM SMITH *et al.*

1. PRACTICE—*affidavit filed with declaration.* An affidavit, sworn to by one of several plaintiffs, showing the nature and amount of plaintiffs' demand, filed with the declaration, is a substantial compliance with the requirements of the Practice Act.

2. SAME—*plea may be stricken from files when plaintiff stipulates to allow amount claimed by affidavit of merits.* The plaintiff filed with his declaration an affidavit, showing the nature and amount of his claim, and the defendant filed with his plea an affidavit that he had a good defense to a certain amount. The plaintiff then stipulated to deduct the amount from his claim, and thereupon the plea was stricken from the files, and a rule upon the defendant to plead anew to the merits. Having failed to plead within the rule, judgment was rendered against the defendant as upon *nil dicit : Held,* that this was authorized by the spirit, if not the very letter, of the Practice Act of 1872.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. W. M. HATCH, for the appellants.

Messrs. WELDON & BENJAMIN, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought on an open account. With the declaration was filed an affidavit, sworn to by only one of the plaintiffs, in which reference was made to the "annexed account" as showing the nature of plaintiffs' demand and the amount due from defendants. Defendants filed the general issue, and with it their joint affidavit. in which they say "that they verily believe they have a good defense to the said suit, upon the merits, to a portion of said plaintiffs' demand—that is to say, to the amount of sixty-five dollars." Thereupon, plaintiffs. by their counsel, stipulated to deduct from the account filed, and mentioned in their affidavit, the sum of $65.90, and entered a motion to strike defendants' plea and affidavit from the files, and for a rule upon them to plead anew to the merits of the cause, which motion was allowed. Having failed to answer within the rule, judgment was rendered against defendants, as upon *nil dicit,* for the amount of the account as limited by the stipulation.

Numerous objections have been taken to the regularity of these proceedings, all of which, with one exception, are of the most technical character, and do not in any manner affect the merits of the cause.

It is objected, the affidavit showing the nature and amount of plaintiffs' demand, filed with the declaration, is only sworn to by one of the plaintiffs. In our judgment, the affidavit is sufficient, and is a substantial compliance with the Practice Act, which is all that is required. It was held in *Waiting v. Fuller,* 22 Ill. 33, persons sued jointly, who plead

the general issue, may sustain it by an affidavit of merits made by one of the defendants.

The point relied on with the most confidence is, the court erred in striking defendants' plea and affidavit from the files after plaintiffs had stipulated to deduct from their account the amount to which defendants, in their affidavit, claimed to have a defense. We think the action of the court was authorized by the spirit, if not the very letter, of the Practice Act of 1872. The object to be attained was, to prevent vexatious delays, occasioned by parties filing pleas in causes where there is no real defense. This rule imposes no hardship upon the defendant. If he has no defense that he can support by his own affidavit, he ought, in all conscience, to allow his creditor to have a judgment without unreasonable delay. In the case at bar, defendants only claimed to have a defense to $65 of plaintiffs' demand, and, that item having been deducted by stipulation, the affidavit presented no defense to the remainder of the account. The court could very properly rule defendants to plead anew to the merits of the cause, and, upon their failure to do so, could treat them as being in default. How were defendants injured by the rulings of the court? If they had any further defense to plaintiffs' demand, after the item of $65 was deducted, they were afforded an opportunity to plead it, but they did not choose to avail of this privilege. Whatever injury they may have sustained, if any, must, therefore, be attributed to their willful neglect to make their defense.

The case of *Hurd* v. *Burr*, 22 Ill. 29, is sufficiently analogous to the one we are considering to be an authority in point. Under a statute regulating the practice in courts in Cook county, not very dissimilar from the law under which these proceedings were had, it was held, if the plaintiff, after plea filed, shall limit his demand, and the defendant refuses to make a further affidavit, judgment may pass as by default.

It is urged, the damages are excessive. The item complained of is for interest. The account had long since been

due, and in the bill of particulars filed with the declaration there was an item for interest.

It is provided in the 37th section of the Practice Act, when the action is upon an account, if the defendant shall suffer default for want of an affidavit of merits, or for non-appearance, or for *nil dicit*, the affidavit filed with the declaration may be taken as *prima facie* evidence of the amount due upon such account.

The account filed with the declaration contains the item of interest, and it is sworn to by one of the plaintiffs as being correct. Defendants only claim, in their affidavit, that they had a defense to $65 of plaintiffs' demand. When they made their affidavit, plaintiffs' sworn account was before them, and if the whole item for interest was wrong, as their counsel now insists it was, it must be presumed they would have said so. The affidavits of plaintiffs and defendants were both introduced and read in evidence, and, when considered together, we think they sufficiently sustain the judgment of the court. *Allen* v. *Watt*, 69 Ill. 655; *Young* v. *Browning*, *ante*, p. 44.

No error appearing, the judgment is affirmed.

*Judgment affirmed.*