LOUISE STUBER

*v.*

FRANZ SCHACK.

83   191
26a  180
83    191
92a  ³610

1. PRACTICE—*affidavit of merits abandoned by filing new one.* Where a defendant files a second affidavit of merits with his plea, he abandons the first, and the question of the sufficiency of the first can not be considered by this court.

2. SAME—*sufficiency of affidavit of merits.* It is sufficient for a defendant, in an affidavit of merits, to follow the language of the statute, but if he attempts to state the facts constituting the defense, and they are insufficient, the affidavit will be bad, and may be stricken from the files.

3. CONSIDERATION—*for extension of time of payment.* A promise to forbear in the collection of a debt, upon a promise of the debtor to pay interest for which he is already liable, can not be enforced, for want of a sufficient consideration.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, upon a promissory note, brought by the appellee against the appellant. The court below struck the defendant's plea from the files, for want of a sufficient affidavit of merits.

Messrs. RUNYAN, AVERY & COMSTOCK, for the appellant.

Messrs. WILLETT & HERRING, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We do not regard the sufficiency of the first affidavit to the plea as before us. Had appellant intended to rely on that affidavit, he should have stood by it. By filing a second affidavit, he abandoned the first, and relied solely on the second. It would, undoubtedly, have been sufficient for the defendant, in the second affidavit, to have followed the language of the statute, without disclosing the facts upon which he relied as constituting the defense; but when he undertook to state the facts,

it was incumbent on him to state such as the court could see constituted, in fact, a meritorious defense. The facts stated in the second affidavit show that the defendant had no defense, and negative his conclusion in the preceding part of the affidavit.

There does not appear to have been any sufficient consideration for the promise to forbear, the promise to pay interest being merely a promise to do that for which the party was already liable. *Waters et al.* v. *Simpson et al.* 2 Gilm. 576. Nor does it appear that the agreement was made without the knowledge and consent of the defendant. It being thus apparent that the defendant had no substantial defense, he has sustained no injury, and has no cause to complain of the ruling of the court in striking his plea from the files.

The judgment is affirmed.

*Judgment affirmed.*