## Francis A. McCormick *et al.*

*v.*

## Thomas J. Wells.

1. Practice — *affidavit of merits accompanying plea.* An affidavit of merits, filed with a plea, in the language of the statute, that the defendant believes he has a defense to the suit upon the merits, to the whole or a part of the plaintiff's demand, is sufficient. It is not necessary it should set forth in detail such facts as will satisfy the court of a meritorious defense.

2. The affidavit of merits will not be rendered insufficient because it is not entitled in the cause.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

This was an action of assumpsit, by Thomas J. Wells against Francis A. McCormick and Joseph Rigby, upon three promissory notes, given by defendants to M. J. Wilson, and by him indorsed to the plaintiff.

The plaintiff filed with his declaration his affidavit of the sum due him from defendants, and on what account, after allowing all just credits, deductions and set-offs.

The defendants pleaded separately, and each filed his affidavit of merits, written on the same sheet of paper with his plea. They are substantially the same, that of Rigby being as follows:

" In the Superior Court of Cook County. To the May Term, A. D. 1876. State of Illinois, County of Cook—*ss:*

Thomas J. Wells          ⎱
          *v.*                          ⎰
F. A. McCormick and Joseph Rigby.

Joseph Rigby, one of the above named defendants, being first duly sworn, on his oath says, that he has a good defense to said suit upon the merits to the whole of the plaintiff's demand.

Joseph Rigby."

The court struck the pleas from the files, and rendered judgment by default, to reverse which the defendants appealed.

Messrs. Perry & Bull, for the appellants.

Messrs. Bentley & Quigg, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

On motion of plaintiffs, the pleas of defendant were stricken from the files for the alleged want of a sufficient affidavit of merits. This was error. The affidavit contained everything the statute requires, viz: that defendants believed they had a good defense to the suit, upon the merits, to the whole of plaintiff's demand. One objection taken is, the affidavits were not properly entitled in the cause. This precise point was made in *Hays* v. *Loomis,* 84 Ill. 19, and it was there ruled, notwithstanding the objection, the affidavit was sufficient.

A rule was laid upon defendants to file an additional affidavit by a day fixed, setting forth in detail such facts as would satisfy the court defendants had a meritorious defense to plaintiff's cause of action, but, defendants failing to make answer to the rule, a default was entered against them. No statute has made it the duty of defendants to file an affidavit setting forth in detail such facts as would satisfy the court they had a meritorious defense to plaintiff's cause of action, and for that reason they were not bound to observe the rule. It is sufficient the affidavit is in the language of the statute, that defendants believe they have a defense to the suit, upon the merits, to the whole or a part of plaintiff's demand. As we have seen, the affidavit in this case answers every requirement of the statute in that particular, and is therefore sufficient.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*