## Samuel S. Hays

*v.*

## Edgar Loomis *et al.*

1. Practice—*affidavit of merits sufficient without caption, if filed in the proper cause.* A declaration on oath, in writing, sworn to by the defendant before some person who has authority to administer oaths, is an affidavit, within the meaning of the Practice Act requiring an affidavit of merits to be filed with a plea in certain cases, and it is not necessary that it should have a caption, or be entitled in any cause or in any particular way. It is sufficient if it is identified as having been filed in the cause.

2. Same—*affidavit of merits need not set out details of defense.* Where a defendant files an affidavit of merits with his plea, and the court lays a rule upon him to file a further affidavit disclosing particularly the nature of his

defense, he is not bound to observe the rule, but if he undertakes to comply with it, he is bound to set forth in detail such facts as show he has a meritorious defense.

3. SAME — *affidavit sufficient, if made on belief of defendant.* Where a defendant, in an affidavit of merits filed by him with his plea, sets out a state of facts which constitutes a meritorious defense to plaintiff's claim, and swears that he believes they are true, that is all that should be required of him.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. CRAWFORD & McCONNELL, for the appellant.

Mr. JOSIAH GROUT, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

With his pleas, defendant filed an affidavit of merits, substantially in the language of the statute, stating he was defendant in the cause, and that he believed he had a good defense to the suit, upon the merits, as to the whole of plaintiff's demand. The affidavit was entitled in the cause with the true names of the parties, but they were transposed, as is the usual custom in entitling pleas. On motion of plaintiff, the several pleas of defendant were stricken out, for want of sufficient affidavit of merits. This was error.

In *Harris* v. *Lester*, 80 Ill. 307, an objection was taken to an affidavit of non-residence, because it was not entitled in any court or in any cause. It was argued it was not an affidavit at all, but the court held otherwise. The definition given in that case of an affidavit is, it "is simply a declaration on oath, in writing, sworn to by a party before some person who has authority to administer oaths. It does not depend on the fact whether it is entitled in any cause or in any particular way. Without any caption, it is, nevertheless, an affidavit." The affidavit in this cause comes within this definition, and must, therefore, be held to be sufficient. It is clearly identified as having been filed in the cause. It was written on the same paper, under the pleas accurately entitled in the cause,

with the names of the parties correctly stated. More exactness savors of useless technicality.

The first affidavit of merits filed by defendant with his pleas was, by the court, adjudged to be insufficient. A rule was then laid upon him to file a further affidavit, disclosing particularly the nature of his defense, or submit to have his pleas stricken from the files for want of a sufficient affidavit of merits. As was declared in *McCormick* v. *Wells*, 83 Ill. 239, defendant was not bound to observe the rule. But having undertaken to comply with the rule, it was incumbent on him, according to the decision in *Stuber* v. *Schack*, 83 Ill. 191, to set forth, in detail, such facts as would show he had a meritorious defense to plaintiff's cause of action. That, defendant has done in this case. If the facts alleged in the affidavit are true, they show a meritorious defense to the whole of plaintiff's claim. Defendant swears he believes they are true, and that is all he ought to be required to state in order to have his case submitted to the consideration of a jury.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*