## Solomon McKichan

### v.

## Martin P. Follett.

1. Affidavit of merits—*waiver of right to claim it as sufficient.* If a defendant, on motion to strike his plea from the files for a defect in his affidavit of merits, concedes the defect by asking and obtaining time to amend the same, which is allowed on condition of his filing an affidavit showing a meritorious defense, which he neglects to do, he can not, on appeal or error, insist that his affidavit of merits was sufficient. He will be estopped to claim that the court erred in holding it bad.

2. Practice—*affidavit showing grounds of defense.* Where a defendant files a proper affidavit of merits with his plea, the court has no power to require of him an affidavit setting up in detail his grounds of defense, but if such affidavit of merits is defective, and the defendant asks to amend, then the court, in its discretion, may impose terms, such as showing the grounds of defense.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. George C. Fry, for the appellant.

Mr. William B. Gibbs, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of assumpsit, upon a promissory note. Appellee filed, with his declaration, an affidavit of claim.

To the declaration appellant pleaded the general issue, and filed therewith an affidavit of merits, sworn to before a notary public, but the *jurat* was not authenticated by the official seal of the notary. The plea, on motion, was stricken from the files, and judgment rendered for the amount of the note.

It will not be necessary to inquire whether the failure of the notary to attest the *jurat* to the affidavit by the seal of his office was such a defect in the affidavit of merits as to render it nugatory, as that point does not properly arise upon this record. When the motion was made to strike the plea from the files, for want of a sufficient affidavit, appellant did not abide by the affidavit, but asked time to amend by attaching the seal of the notary. This the court refused, unless appellant would show a meritorious defense. Appellant then asked for time to prepare an affidavit showing a meritorious defense. The court, in obedience to this request, extended the time until the 8th day of January. Afterwards, a further extension was given until January 11th, and, subsequently, the time was again extended, by agreement, until January 13th, when, upon failure of appellant to file such affidavit, the plea was stricken from the files, and, upon due proof, judgment was rendered in favor of appellee.

Had appellant desired to test the sufficiency of his affidavit of merits, he should, in the first instance, when the motion was made to strike from the files his plea, have abided by the affidavit and excepted to the ruling of the court. His failure to do this, and obtaining leave to amend upon terms, must be regarded as a waiver of the right to insist upon the sufficiency of the affidavit, on appeal. *Hays* v. *Loomis*, 84 Ill. 18.

Where a defendant files with his plea an affidavit of merits, as required by sec. 37, Rev. Stat. 1874, page 779, the court has no power to require an affidavit setting up in detail the defense; but where a defective affidavit of merits is filed, and leave is asked to amend, then the court may, in its discretion, impose terms. Here, the appellant, by asking leave to amend, conceded the affidavit to be defective, and the court did not

exceed its power in requiring a meritorious defense to be disclosed, as a condition to allowing the amendment. The decision of the court was not calculated to deprive appellant of the right to defend, as he had ample time and opportunity to disclose his defense by affidavit, if he had any. His failure to avail of the opportunity given, no doubt arose from the fact that he had no meritorious defense.

·The judgment will be affirmed.

*Judgment affirmed.*