The Empire Fire Insurance Co. of Chicago,

v.

The Real Estate Trust Company.

1. Practice—Filing amended pleas—Imposing terms.—Leave to amend pleadings necessary to present an issue on the merits of a cause is no longer discretionary with the court, but is the legal right of the party, and where proper application is made for leave to amend pleas, on sustaining a demurrer thereto, the court has no right to require the defendant to show by an affidavit of facts in detail, a meritorious defense to plaintiff's action. Such terms cannot be imposed as a condition of amending pleas, under the statute authorizing amendments.

2. Meaning of "just and reasonable" terms.—The terms "just and reasonable," as employed by the legislature in the Practice Act, obviously have reference to the rules of practice then existing by the common law, and contemplate no other or different terms than would be just and reasonable, judged of by that practice.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. H. F. Valette, for appellant; that the affidavit required by the court was not authorized by the statute, cited Robinson v. Burkell, 2 Scam. 278.

That it was error for the court to refuse to allow the amendments, without imposing terms: Drake v. Drake, 83 Ill. 526; Heslip v. Peters, 3 Scam. 45; Beardsley v. Gosling, 10 Chicago Legal News, 170; McCormick v. Wells, 83 Ill. 239; Hays v. Loomis, 84 Ill. 18; 1 Chit. Pl. 509.

Messrs. Herbert, Quick & Miller, for appellee; that the imposition of terms was in the discretion of the court, cited Rev. Stat. 1874, Chap. 110, § 24; Phillips v. Dana, 1 Scam. 498;

Heslip v. Peters, 3 Scam. 45; Miller v. Metzger, 16 Ill. 390; Misch v. McAlpine, 78 Ill. 507; McCord v. Crooker, 83 Ill. 556.

And that this court will not review the exercise of discretion in the court below: Phillips v. Dana, 1 Scam. 498; Garner v. Crenshaw, 1 Scam. 143; Heslip v. Peters, 3 Scam. 45; Greenleaf v. Roe, 17 Ill. 474; Rich v. Hathaway, 18 Ill. 548; Scales v. La Bar, 51 Ill. 232; Mason v. McNamara, 57 Ill. 274.

That the amended pleas were defective, and would have been demurrable if filed, and the court was under no obligation to receive them, the first plea concluding to the country upon a matter properly to be judged by the court: Eppes v. Smith, 4 Munf. 466; Brady v. Commonwealth, 1 Bibb, 517; Boucher v. Williamson, 1 Dana, 227; Brier v. Woodbury, 1 Pick. 362.

The second plea, being a plea to the jurisdiction, does not purport to be pleaded by attorney: Nispel v. W. U. R. R. Co. 64 Ill. 311.

Nor does it deny by positive averments every fact from which jurisdiction may arise: Welch v. Sykes, 3 Gilm. 197; Harrod v. Barrette, 1 Hall, 155; Shumway v. Stillman, 4 Cowen, 292.

MURPHY, P. J.   The appellee commenced its action of debt against the appellant in the Superior Court of Cook county to the December term, A. D. 1877, to recover upon the record of a judgment of the United States Circuit Court for the Southern District of New York.   The trial in the court below resulted in a judgment against the appellant, from which it prayed an appeal to this court, and brings the record here and asks a reversal of the judgment, assigning as error (1), that the court erred in refusing leave to file amended pleas except on condition that defendant should file an affidavit, setting out therein in detail the facts showing a meritorious defense in said cause; (2), that the court erred in requiring an affidavit of defendant as a condition precedent to filing amended pleas; (3), that the condition imposed upon defendant was not statutory nor authorized thereby, nor authorized by common law.

The first error assigned really presents the whole question, and its consideration will dispose of the other two.

It appears that to the plaintiff's declaration the defendant in

the court below filed two pleas, to which the appellee filed demurrers, which were sustained by the court, and thereupon appellant moved the court for leave to file amended pleas, to which the appellee objected, that the court granted leave to appellant to do so upon the condition, and only upon the condition, that the appellant should first present an affidavit in which should be set out the facts in detail, showing a meritorious defense in said cause; that the court prescribed no other terms as a condition to be performed or done by appellant before filing amended pleas. It is conceded by counsel for the appellee that the appellant had the legal right, under the twenty-fourth section of the Practice Act, to amend his pleadings after a demurrer had been sustained to them, but it is insisted that the court had the discretionary power to fix the terms on which such leave to amend should be granted, and that the terms fixed by the court, that is requiring the affidavit as above stated to be filed by the appellant, was the reasonable and proper exercise of that power. By the above section it is provided that, "At any time before final judgment in civil suits, amendments may be allowed on such terms as are just and reasonable." In this case leave to amend was granted, but on terms which appellant claims were not just and reasonable, but were oppressive and unauthorized by law, either by the statute or common law.

This presents the question whether the court, in its discretion, had the right to impose such terms as a condition to granting leave to appellant to file amended pleas. Leave to amend pleadings necessary to present an issue on the merits of a cause is no longer discretionary with the court, but is the legal right of the party. Drake v. Drake, 83 Ill. 526. In this case there is no objection to granting leave, because the same was not asked for in apt time, for it appears that immediately upon the announcement of the court that the demurrers were sustained to the pleas filed, appellant moved for leave to file amended pleas, and presented two pleas, one *nul tiel record* and one that the court rendering the judgment sued on had no jurisdiction of the person of the appellant. This motion the court refused to allow except on the condition above stated. We know of no rule of practice by which the court had a right to impose such terms.

We have been referred to no case, nor have we been able to to find one, showing that it had any such power by the common law; nor are we aware of any statute authorizing such a practice. In the case of McCormick v. Wells, 83 Ill. 240, the court had this form of affidavit before it, wherein the court below had required it to be filed as an affidavit of merits; the court say: "No statute has made it the duty of the defendants to file an affidavit setting forth in detail such facts as would satisfy the court that they had a meritorious defense to plaintiff's cause of action, and for that reason they were not bound to observe the rule."

To the same effect is the holding of the court in the case of Hays v. Loomis, 84 Ill. 18.

We think terms "just and reasonable," as employed by the legislature in the above section of the practice act, obviously has reference to the rule of practice then existing by the common law, and contemplated no other or different terms than would be just and reasonable, judged of by that practice. By the common law, no such terms as here required were imposed as a condition to granting leave to amend, and to hold that it might be imposed here is to sustain a principle which, carried to its logical sequence, would permit the opinion of the court below to impose condition after condition upon parties, until a statute wise and generous in provision and spirit shall be frittered away and defeated entirely. It is urged by appellee that the appellant was in default after demurrers were sustained to its plea. This position we think untenable. But for the statute giving appellant the legal right to amend, there might be force in the position, but it is not perceived how it could be in default, so long as it had the legal right to amend. If by the law the right is guaranteed to it, we are unfamiliar with any principle of law by which it can be declared to be in default. We think that under the statutes of this State, leave to amend as in this case is a matter of right and without terms at all.

The learned judge who presided at the trial below, took a different view, and denied the appellant leave to file amended pleas, which we think was error, and for which the judgment of the court below is reversed and cause remanded.

Judgment reversed.