---

(No. 12930.—Reversed and remanded.)
EDWARD H. HARRISON, Defendant in Error, *vs.* THE ROSE-HILL CEMETERY COMPANY, Plaintiff in Error.

*Opinion filed February 18, 1920.*

1. PRACTICE—*defendant's affidavit of merits in suit on contract for money due must show nature of defense under his plea.* The provision of the Practice act since 1872 for affidavits of merits by the parties to a suit on a contract for the payment of money is intended to prevent delay to suitors and not to cut off meritorious defenses, but since the act of 1907 the defendant's affidavit must state, without unnecessary detail, not only that he verily believes he has a good defense but also its kind or character, and it must necessarily be a legal defense which can be made under the plea he has filed.

2. SAME—*when defendant's affidavit of merits shows nature of defense and does not state conclusions.* Where the declaration is upon an implied contract for services rendered by the plaintiff for a defendant corporation and the plaintiff files his affidavit showing the nature of his demand and the amount due, the defendant's affidavit in support of its plea of non-assumpsit, that the services were not rendered for the defendant but that they were rendered for other parties who were operating against the interests of the defendant with the knowledge of the plaintiff, is sufficient to show the nature of the defense and does not state conclusions.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for plaintiff in error.

VICTOR M. HARDING, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Edward H. Harrison, sued the plaintiff in error, the Rosehill Cemetery Company, in the circuit court of Cook county, and filed his declaration in the common counts in assumpsit. With his declaration the plaintiff filed an affidavit of his agent "that the demand of the plaintiff in the above entitled cause is for money due and owing for services rendered as a certified public accountant and an expert accountant and auditor, making various investigations, examinations and written and verbal reports, for consultations and furnishing advice and counsel as such expert to defendant, Rosehill Cemetery Company, its officials and representatives, at the special instance and request of said defendant, Rosehill Cemetery Company, its directors and officers, and that there is due to the plaintiff from the defendant, after allowing it, to-wit, all just credits, deductions and set-offs, $1833.45." To the declaration the defendant filed a plea of non-assumpsit. In compliance with a rule of the court the plaintiff filed a bill of particulars covering services from October 8, 1914, to December 9, 1914, consisting of reports on securities, on value of property of the defendant, on commissions and on sales of land, analysis of earnings, and for consultation with attorneys and services in court, amounting to $1768.50, on which credits were given amounting to $350 and a supplemental item of $250 was added, leaving a balance due of $1668.05, and he claimed interest from January 1, 1915. The defendant filed the affidavit of Charles W. Dempster, director and vice-president of the defendant, that he verily

291 — 27

believed the defendant had a good and meritorious defense
to the whole of plaintiff's demand; that the plaintiff's ser-
vices were rendered about the defense of other parties than
the Rosehill Cemetery Company and not for the Rosehill
Cemetery Company in an action pending in the superior
court of Cook county; that the services were rendered upon
the employment of attorneys representing other defendants
than the Rosehill Cemetery Company; that all services were
rendered for the benefit of others than the Rosehill Ceme-
tery Company and against the interest of the Rosehill Ceme-
tery Company and not for the Rosehill Cemetery Company,
all of which the plaintiff then knew and knew that his em-
ployment was in fraud of the interests of the company; that
the services were rendered to certain managers of the Rose-
hill Cemetery Company for and on behalf of and for the
advantage of said managers and in fraud of the rights of
the Rosehill Cemetery Company, all of which plaintiff knew
at the time such services were performed; that a portion
of the services were rendered for the managers of the Rose-
hill Cemetery Company after the superior court of Cook
county had appointed a receiver for the company and en-
joined said managers from incurring any obligation or in-
debtedness against the company on any account, and that
the plaintiff had received from the Rosehill Cemetery Com-
pany more money than all the services rendered by him to
that company and on account of the company were reason-
ably worth. The court, on motion of the plaintiff, struck
from the files the affidavit of merits, entered the default
of the defendant and impaneled a jury to assess damages.
The supplementary item of $250 in the bill of particulars
was withdrawn and a verdict for $1418.05 was returned,
on which judgment was entered. On appeal to the Appel-
late Court for the First District, that court being of the
opinion that the affidavit stated conclusions, only, and did
not state facts which, if shown to be true, would authorize

a judgment for the defendant, affirmed the judgment. This court allowed a writ of *certiorari* to the Appellate Court to review the judgment of that court.

The various acts regulating the practice in courts of record have always provided for the filing of a declaration, in which the plaintiff set forth his cause of action, and permitted the defendant to plead as many matters of fact in several pleas as he might deem necessary for his defense. By the established practice the issue is made up by the declaration and pleas and any further pleading that may be required to form the issue, and not by affidavits of either party. Under the privilege of pleading as many matters as the defendant might see fit it was not uncommon to file sham or fictitious pleas, which, if proved, would constitute a defense in law but which the defendant could not and did not expect to prove, and that practice being the cause of delays in the administration of justice, acts have been passed to compel the defendant to show by affidavit that he believes he has a real defense. In 1853 an act to regulate the practice in the circuit court of Cook county and the Cook county court of common pleas provided that upon proof of service of process and a copy of a declaration, with a rule to plead at least ten days before the term, the plaintiff should be entitled to a default unless the defendant or his attorney, if the suit was founded on a contract, should file his plea and also an affidavit setting forth that he believed he had a good defense to the suit on the merits. (Laws of 1853, p. 172.) In *Castle* v. *Judson,* 17 Ill. 381, the court declared the object of the act to be to facilitate and expedite the disposition and trial of cases brought in Cook county, so as to prevent unnecessary delay to suitors upon the great accumulation of cases upon frivolous defenses, as was manifest from the fourth section, which authorized judgment as in case of default when the court should adjudge the plea to be frivolous. In *Wilborn* v.

*Blackstone,* 41 Ill. 264, it was said that the statute was intended to prevent delay and thereby promote justice, but not to cut off meritorious defenses.

In the Practice act of 1872 a like provision was made applicable to the whole State, and it was provided that if the plaintiff in any suit upon a contract, expressed or implied, for the payment of money, should file his affidavit showing the nature of his demand and the amount due him from the defendant after allowing to the defendant all of his just credits, deductions and set-offs, if any, he should be entitled to judgment as in case of default, unless an affidavit was filed with the plea stating that the defendant verily believed he had a good defense to the suit upon the merits to the whole or a portion of the plaintiff's demand, and if a portion, specifying the amount. Plaintiff was required by his affidavit to show the nature of his demand and the amount due, but the defendant was not required to show the nature of his defense. In *Fisher* v. *National Bank of Commerce,* 73 Ill. 34, and several other cases, it was held that an affidavit in the language of the statute was sufficient. In *Haggard* v. *Smith,* 71 Ill. 226, the court said the object of the provision of the Practice act was to prevent vexatious delays, occasioned by parties filing pleas in cases where there was no real defense, and if a defendant had no defense which he could support by his affidavit, he ought in all conscience to allow his creditor to have a judgment without unreasonable delay. In *Stuber* v. *Schack,* 83 Ill. 191, the court said it was sufficient for a defendant to follow the language of the statute without disclosing the facts upon which he relied as constituting his defense, but when he undertook to state the facts it was incumbent upon him to state such as the court could see constituted, in fact, a meritorious defense; and in that case the facts stated negatived the statement that there was a defense on the merits. In *Hays* v. *Loomis,* 84 Ill. 18, the defendant had filed an affidavit of merits in the language of the statute,

stating that he believed he had a good defense to the suit upon the merits as to the whole of plaintiff's demands. The court struck out the pleas for want of a sufficient affidavit of merits because the affidavit was not properly entitled, and this was held to be error. The defendant was ruled to file a further affidavit, and the court said he was not bound to comply with the rule, but he did comply with it and stated facts showing a meritorious defense, and the judgment was reversed. In *Eberhart* v. *Page,* 89 Ill. 550, the defendant filed an affidavit in the language of the statute, which this court held to be good, but on a motion for a speedy trial out of its order the defendant made an affidavit detailing the nature of his defense. The court ordered a speedy trial, and the judgment was reversed because the affidavit showed that by agreement of the parties the defendant became an indorser and not a guarantor.

The same provision, with the addition of a requirement that the affidavit should specify the nature of the defense, was carried forward into the Practice act now in force, enacted in 1907, providing that if the plaintiff in any suit upon a contract, expressed or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand and the amount due him from the defendant after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment as in case of default, unless the defendant or his agent or attorney shall file with his plea an affidavit stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand and specifying the nature of such defense, and if a portion, specifying the amount. The only change made in the previous statute is by the addition of the words "and specifying the nature of such defense." That being the only change in the statute, the construction to be given to it is the same, except that the defendant must specify the nature of his defense. The defendant must not

only file an affidavit stating that he verily believes he has a good defense to the suit upon the merits to the whole or a portion to the plaintiff's demands, but he must state the kind or character of the defense, and it necessarily must be a legal defense which could be made under his plea. If the plea is non-assumpsit the affidavit must show a defense under that plea, and if there are special pleas, such as pay-ment, release or accord and satisfaction, the affidavit must show facts of such a nature as will be a defense under those pleas, with sufficient particularity to apprise the plaintiff of the nature of the defense, but it is not necessary to state the evidence or the facts in detail.

The declaration, as limited by the bill of particulars, was upon an implied contract for services rendered by the plaintiff for the defendant, and the affidavit stated that they were not rendered for the defendant, which no more stated con-clusions than the declaration and bill of particulars. The affidavit not only stated that the services were not rendered for the defendant, but that they were rendered for other parties and upon the employment of attorneys representing other persons than the Rosehill Cemetery Company and for the benefit of such other persons, against the interests of the defendant and with the knowledge of the plaintiff. It was incumbent upon the plaintiff to prove that the services were rendered under such circumstances as would raise an implied promise of the defendant to pay for them, and we do not see on what ground it can be said that the affidavit did not specify the nature of the defense and give notice to the plaintiff of the kind and character of defense to be made. The circuit court erred in striking the affidavit and plea from the files.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*