### Colfax Grain Company, Appellant, v. L. S. Bradford, Appellee.

1. PLEADING—*failure of affidavit of merits to specify defense and its applicability.* An affidavit of merits which does not specify the nature of the defense and fails to specify the portion of plaintiff's demands to which the defense applies is insufficient.

2. PLEADING—*procedure where affidavit of merits insufficient.* If an affidavit of merits is insufficient, the proper practice is to strike it from the files and plaintiff is then entitled to judgment as in case of default.

3. PLEADING—*striking affidavit of merits for insufficiency.* Where an affidavit is filed with plaintiff's declaration showing plaintiff's demands, defendant is limited to the defense set forth in his affidavit of defense and plaintiff has a right to have an insufficient affidavit of defense stricken from the files at any time before commencement of the trial.

Appeal from the Circuit Court of McLean county; the Hon. Edward Barry, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded with directions. Opinion filed April 22, 1922.

A. M. Hester and William R. Bach, for appellant.

Hall, Martin, Hoose & DePew, for appellee.

Mr. Justice Heard delivered the opinion of the court.

This is an appeal by the Colfax Grain Company, operating a grain elevator at Colfax, Illinois, from a judgment in its favor of $397.92 against L. S. Bradford, a farmer and stock feeder, owning farms in that vicinity, rendered in McLean county circuit court, in an action of assumpsit.

The declaration consisted of the common counts supported by an affidavit of claim showing that appellant's demand was for corn and coal sold and delivered by appellant to appellee in the amount of $830.84. The general issue was filed by appellee supported by the following affidavit of meritorious defense:

"L. S. Bradford makes oath and says he is the defendant in the above entitled cause, and that he verily believes that he has a good defense to this suit upon its merits to a part of the plaintiff's demand, which said part amounts to $473.95 according to the best of his judgment and belief."

A few hours before the cause was called for trial, appellant moved the court to strike from the files the affidavit of meritorious defense and moved the court to enter judgment in the cause by default for want of a sufficient affidavit of defense. The court overruled this motion on the ground that it was not made until a few hours before the call of the case for trial.

Section 55, ch. 110, Rev. St. Ill. [Cahill's Ill. St. ch. 110, ¶ 55] is in part as follows:

"If the plaintiff in any suit upon a contract, express

or implied, * * * shall file with his declaration an affidavit showing the nature of his demand, and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment, as in case of default, unless the defendant, his agent, or attorney shall file with his plea an affidavit, stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense, and if a portion, specifying the amount (according to the best of his judgment and belief), * * *. If the affidavit of defense is to only a portion of the plaintiff's demand, the plaintiff shall be entitled to a judgment for the balance of his demand, and the suit shall thereafter proceed as to the portion of the plaintiff's demand in dispute as if the suit had been brought therefor.''

In *McKichan v. Follett,* 87 Ill. 103; *Beardsley v. Gosling,* 86 Ill. 58; *Hays v. Loomis,* 84 Ill. 18, it was held that defendant's affidavit need not state the defense in detail, but these decisions were all made under a prior statute which did not contain the words ''specifying the nature of such defense,'' and which did not contain the final provision above quoted.

In *Reddig v. Looney,* 208 Ill. App. 413, the court, after a thorough résumé of the authorities bearing upon the question, said: ''To specify means 'to designate in words, so as to distinguish from other things'; and we hold that to 'specify the nature of the defense' requires that the affidavit of merits must set out the facts which constitute the defense, so that the plaintiff may have reasonable notice what the defense is. The affidavit must state directly and positively facts sufficient to disclose a substantial defense.''

It is evident from a reading of the affidavit in question that it did not comply with the law in that it failed to specify the nature of defendant's defense and failed to specify the portion of plaintiff's demands to which the defense applied.

Where an affidavit of merits is insufficient, it is proper practice to strike it from the files, and plaintiff is then entitled to judgment as in case of default. *Firestone Tire & Rubber Co. v. Ginsburg*, 285 Ill. 132. As upon the trial, where an affidavit is filed with plaintiff's declaration showing the nature of plaintiff's demands, defendant is limited to the defense properly set forth in his affidavit of defense (*Goddard Tool Co. v. Crown Elec. Mfg. Co.*, 219 Ill. App. 34; *Steinberg v. Schwartz*, 219 Ill. App. 138), it necessarily follows that a plaintiff has a right to have an insufficient affidavit of defense stricken from the files at any time before the commencement of the trial.

The circuit court, therefore, erred in denying appellant's motion to strike appellee's affidavit of defense from the files. The judgment is reversed and the cause remanded with directions to the circuit court to strike appellee's affidavit of defense from the files.

*Reversed and remanded with directions.*