474        APPELLATE COURTS OF ILLINOIS.

Manufacturers State Bk. v. Am. Surety Co. et al., 230 Ill. App. 474.

## Manufacturers State Bank of East Moline, Illinois, Appellee, v. American Surety Company of New York and William I. Taze, Appellants.

### Gen. No. 7,165.

1. BONDS—*assumpsit maintainable to enforce surety bond of indemnity.* An action on a surety bond indemnifying a bank against the acts of its president is in the nature of a suit upon an insurance policy and an action of assumpsit lies even though the bond is under seal.

2. PLEADING—*waiver of motion for bill of particulars by failure to urge in apt time.* A motion for bill of particulars, filed in apt time but not urged until after both parties had answered ready for trial, was properly denied for failure to urge in due time.

3. PLEADING—*refusal of leave to file special plea inconsistent with affidavit of defense not error.* In an action to enforce an indemnity bond, where defendants pleaded the general issue, it was not error to refuse leave, after the trial had commenced, to file special pleas which were not in proper form and were inconsistent with the affidavits of defense.

4. APPEAL AND ERROR—*refusal of leave to amend affidavit of defense not reviewable without complete bill of exceptions.* Refusal of, leave to amend an affidavit of defense after trial had commenced is not reviewable where the motion for leave and the affidavits in support thereof are not preserved in the bill of exceptions.

5. INDEMNITY—*evidence of misconduct by officers other than those whose acts covered by bond sued on not admissible.* In an action by a bank to enforce an indemnity bond indemnifying it against loss from the acts of its president, evidence tending to show misconduct or incompetency of other officers, or loss to the bank through defalcations by persons other than the president, is inadmissible.

6. PLEADING—*burden of proof of unnecessary allegation, of waiver of contract provisions by defendant.* An unnecessary allegation in a declaration on an indemnity bond that a provision therein for notice had been waived by the defendant must be proved by plaintiff, notwithstanding the provisions of Practice Act, Cahill's Ill. St. ch. 110, ¶ 55, as amended in 1907, requiring the affidavit of defense to specify the grounds of defense, even though defendant filed the general issue and the affidavit of defense did not deny the waiver.

Manufacturers State Bk. v. Am. Surety Co. et al., 230 Ill. App. 474.

Appeal by defendants from the Circuit Court of Rock Island county; the Hon. NELS A. LARSON, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed August 13, 1923..

J. B & J. L. OAKLEAF and ANDREW OLSON, for appellants.

J. B. & J. L. OAKLEAF, for American Surety Company of New York, appellant, on petition for rehearing.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

This is an appeal from the circuit court of Rock Island county wherein a judgment was entered upon a directed verdict in favor of the appellee for $10,803.48 and costs.

William I. Taze was the president of the appellee bank. An examination of the bank was made by the Auditor of Public Accounts and revealed a shortage of about $200,000. This suit was brought on a surety bond given by Taze as president which bond was in the penal sum of $10,000. The judgment is for the amount of the bond together with interest.

The declaration contained a number of counts in all of which the loss to the bank is averred and Taze is charged with having hypothecated moneys from the bank through acts of theft, embezzlement, dishonesty, etc. There was a provision in the surety bond which required a claim to be made against the Surety Company within three months from the discovery of the loss to the employer. Such claim was not made within the time prescribed and the declaration averred a waiver by the Surety Company of this provision. The declaration and each count

476    APPELLATE COURTS OF ILLINOIS.

Manufacturers State Bk. v. Am. Surety Co. et al., 230 Ill. App. 474.

thereof had attached an affidavit of plaintiff's claim. Special demurrers were interposed to each count and were overruled. Each of the defendants filed a plea of the general issue accompanied by an affidavit of defense. This affidavit stated that Taze was not guilty of the theft, embezzlement, etc., as charged in the declaration.

A great many errors have been assigned and a complete record was not filed in this court until at least three attempts had been made by the appellants.

It is insisted by appellants that this suit cannot be maintained because the instrument sued on is a bond purporting to be under seal. It has been held in *People v. Rose,* 174 Ill. 310, that an action on a surety bond is in the nature of a suit upon an insurance policy and that an action in assumpsit will lie upon a sealed policy of insurance.

Complaint is made that the court improperly refused to require the appellee to file a bill of particulars. The motion for a bill of particulars was filed in apt time but counsel apparently lost sight of it and did not press it. The case was called for trial and both parties answered ready. After that time counsel remembered having filed the motion and again renewed it. The court properly denied the motion for the reason that it was not urged in apt time.

After the trial had been commenced, appellant company endeavored to obtain leave from the court to file two special pleas, one denying a waiver of the three months' notice, and the other averring payment of the several amounts claimed to have been lost by the bank. The court refused to permit it to file said pleas on the ground that they were not consistent with the affidavit of merits. Thereupon said appellant sought leave to amend the affidavit of merits and this motion was denied. Error was assigned as to the court's ruling in reference to both of these matters. The pleas as presented were not

in proper form. They were not consistent with the affidavit of defense and each of them amounted to a plea of the general issue. If the pleas were inconsistent with the affidavit of merits, they would be of no avail without an amendment to the affidavit of defense. The application to amend such affidavit was made during the trial. It is apparent from the record in this case that certain securities were put up by the brother and sister of Taze for the purpose of covering his shortage to the bank. We are of the opinion that proof of such payment would have been proper in the case, provided the pleadings justified such evidence. The difficulty with this record, however, is that the motion and affidavits in support thereof for leave to amend the affidavit of defense are not contained in the bill of exceptions and under authority of *Beckers v. City of Kankakee,* 213 Ill. App. 541, and many other cases, it is necessary that they be preserved in a bill of exceptions. Such matters not being preserved, the error complained of is not before this court for consideration. Complaint is also made of the admission by the court of many exhibits in the case. Among them is exhibit "96" being a report of a bank examiner to the State Auditor recommending a change of some of the officers of this bank on the ground of their incompetency. This evidence was not proper and should not have been admitted. It is not necessary to point out specifically the various exhibits improperly admitted in evidence. It will be a sufficient guide in a subsequent trial to say that no exhibit should be admitted and no oral testimony heard with a view of proving defalcations and dishonesty of Taze, unless the proof is confined to the period covered by the indemnity contract declared on. And it should be borne in mind that it is not enough for appellee to prove that the bank sustained losses through defalcations, thefts and dishonesty. The proof must go further. It must show

478 APPELLATE COURTS OF ILLINOIS.

Manufacturers State Bk. v. Am. Surety Co. et al., 230 Ill. App. 474.

that the losses were occasioned through the dishonest practices of Taze and not some one else. The testimony was not so confined and limited in the trial of this case.

An opinion was heretofore filed in this court reversing and remanding the cause. We afterwards granted a rehearing on the petition of appellee. In our former opinion we held that it was the duty of the plaintiff to prove the waiver, set out in the declaration, and inasmuch as no such proof had been made the plaintiff had failed to make out his case.

Counsel for appellee insists that such holding was erroneous and contrary to established precedent. His insistence is based upon his conception of what is the proper interpretation of section 55 of the Practice Act. [Cahill's Ill. St. ch. 110, ¶ 55.]

Appellee filed an affidavit of claim under said section of the statute in which it was stated that the demand sued on was for money due and owing on account of said indemnity contract and that there was due to the plaintiff the sum of $10,000 and interest on account of the wrongful abstraction or wilful misapplication on the part of the said W. I. Taze. The appellants filed a plea of the general issue together with an affidavit of defense under said section 55 in which it was stated that the Surety Company has a good defense to the suit upon the merits to the whole of plaintiff's demand for the reason that the principal in the bond has not committed any of the acts of fraud, dishonesty, etc., charged in the declaration.

It will thus be seen that the affidavit of defendants' defense makes no reference whatever to the averments in the declaration regarding the said provision of the indemnity contract requiring claims to be submitted within three months after the discovery of losses nor any mention of the alleged waiver of said provision. The position taken by counsel for appellee is that the failure of appellants to deny the waiver

in their affidavit of defense amounts to an admission of the truth of the averment in the declaration. Quite a number of authorities are cited by him which he claims are in support of his contention. In order to determine whether, under the circumstances of this case, such a failure to expressly deny the waiver amounts to an admission of the waiver, requires a consideration of said section 55 and its history. That section has existed in its present condition since 1907. Prior to the amendment of 1907 there was in force a statute which provided that the plaintiff, in case he shall file with his declaration an affidavit showing the nature of his demand and the amount due him, shall be entitled to judgment as in case of default, unless the defendant shall file with his plea an affidavit stating that he verily believes he has a good defense to the suit upon the merits to the whole or a portion of the plaintiff's demand and, if a portion, specifying the amount. This statute often received the interpretation of the Supreme Court of this State and it became definitely settled that such statute did not require an affidavit of defense to disclose the nature of the defense. The affidavit was held to be sufficient if it followed the language of the statute. (*Harrison v. Willett,* 79 Ill. 482; *McKichan v. Follett,* 87 Ill. 103; *Garrity v. Wilcox,* 83 Ill. 159; *McCormick v. Wells,* 83 Ill. 239; *Hays v. Loomis,* 84 Ill. 18.)

The amendment of 1907 above referred to changed the statute in but one respect. It provided that the defendant's affidavit should not only state all that had been theretofore required to be stated, but, in addition, should specify the nature of the defense which the defendant intended to rely upon. This amendment has also been construed by the Supreme Court of this State, as well as by the Appellate Courts, and we have been referred to the reported cases by respective counsel. We have diligently studied all of them and while there has been some

language used in some of the opinions which seems to conflict with language found in other opinions, the conflict is only apparent and not real. The decisions are easily reconciled with each other. Most of the cases have arisen out of an effort of a defendant to introduce matters of defense which were not set forth in his affidavit. The language used in the opinions must be read in the light of the questions before the court at the time. Thus in *McGovern v. City of Chicago*, 202 Ill. App. 139, the affidavit presented only the defense of payment. The defendant sought to prove other defenses and it was held that all such other defenses had been waived. In *Reddig v. Looney*, 208 Ill. App. 413, it was the defendant who complained that he was improperly restricted in making his defense and was not permitted to show that certain labor and materials were not furnished as charged in the declaration. An examination of all the cases cited will disclose that the universal construction of the amendment of 1907 is that it was the intention of the legislature to compel a defendant to do more than to state that he had a meritorious defense to the whole or some specific part of the plaintiff's demand. He must also specify the nature of that defense. The penalty for his failure to comply with the amended statute is to permit the plaintiff to have judgment against him as in case of default. The practice with reference to the plaintiff and his duty to prove the averments of his declaration were in no wise affected by the statute. It had long been held that the plaintiff was restricted in his proof to matters set up in his affidavit of claim. He could offer nothing against the defendant that was not reasonably included within the purview of his affidavit. He was required to have his affidavit so plain that the defendant could know precisely what was intended by the declaration which had been filed. So the legislature then enacted that the defendant, when

required to file an affidavit of defense, should specify
the nature of his defense.  He should make it plain
and clear to his adversary, the plaintiff, just what
he relied upon to meet the proof which the plaintiff
was required to make against him.  He was re-
stricted in the presentation of his defense to proof
of matters which he had notified the plaintiff would
constitute his defense.  He could not go beyond that.
The amendment of 1907 simply required the defend-
ant's affidavit to be as broad and inclusive in sub-
stance as the plaintiff's affidavit was required to be.
The legislature of 1907 never intended to lessen the
amount of proof necessary to be offered by the plain-
tiff in support of his demand nor to relieve him of
the duty of proving the material averments of his
declaration, just as he had always been required to
do.

Before the amendment was adopted the gates were
wide open to the defendant to offer any proper proof
under any plea filed by him but since the adoption
of that amendment the gates are closed against him
as to all proofs not tending to support the specific
defenses set up in the affidavit of defense.  We have
held in *Reddig v. Looney, supra,* that matters of de-
fense not set out in the affidavit of merits are waived
and that a defendant will not be permitted to give in
evidence any matter of defense not stated in his affi-
davit.

It was said in *Haggard v. Smith,* 71 Ill. 226, the
object of the original provision in the Practice Act
requiring a defendant to file an affidavit stating that
he had a meritorious defense was to prevent vexa-
tious delays caused by filing pleas where there was
no real defense.  There can be no doubt that it was
the intention of the legislature in its enactment of
1907 to further prevent vexatious delays by compel-
ling the defendant to specify the nature of the defense
which he claims to be meritorious.  That was the only

object of the enactment. The Supreme Court of this State in *Harrison v. Rosehill Cemetery Co.*, 291 Ill. 416, reviews the history of section 55 of the Practice Act and discusses the cases decided before 1907 and traces the cause for the amendment. On page 421, after quoting the language inserted by the amendment of 1907, the court says: "That being the only change in the statute, the construction to be given to it is the same, except that the defendant must specify the nature of his defense."

Now that we have seen that the amendment of 1907 did not change the practice as it existed prior to that time, except to require the defendant to specifically set forth the defense he intended to rely upon, we must inquire what was the practice prior to 1907, with respect to the duty of a plaintiff to prove the material averments in his declaration. At the time, when an affidavit of defense needed only to state that the defendant had a meritorious defense to the whole or some specific portion of plaintiff's demand, the plaintiff was compelled to prove the material averments of his declaration. If his affidavit was so restricted that he could not make proof sufficient to support his declaration he would fail in his suit. It was always necessary for him to prove his essential averments. There is nothing in section 55, as amended, which relieves him of that duty.

That it has always been a plaintiff's duty to prove a waiver he had averred there can be little doubt. In *Illinois Live Stock Ins. Co. v. Baker,* 153 Ill. 240, the suit was on an insurance policy which contained a limitation provision. The declaration in that case, as in this, averred that the company had waived this provision. The court held that it was not necessary for the plaintiff to insert averments in his declaration to avoid the bar, but he may do so if he chooses, and in such case it will be his duty to prove the waiver, as averred. In *Van Dusen v. Pomeroy,* 24

Ill. 289, the plaintiff saw fit to aver a waiver but made no attempt to prove it. The court held that the burden of making such proof was upon him because of his averment. In neither of these cases were there filed any affidavits by the parties, nevertheless, they are decisive of the proposition that under the law as it existed before the amendment of 1907, a plaintiff must make proof of a waiver averred by him. We therefore conclude that appellee did not prove his case as was required of him to do.

It is settled under the authorities in this State that the defenses available under section 55 are limited to those which are set out in the affidavit of defense. It is true that in some of the opinions written upon this subject it is stated that the "issues" to be tried are limited to the defenses set out in the affidavit. The word "issues" as here used refers only to defenses. The true rule controlling the practice applicable to both parties to a suit, where affidavits of claim and of defense are filed, is fully set forth in *Harrison v. Rosehill Cemetery Co., supra*. For the reasons herein set forth this cause is reversed and remanded.

We feel the necessity of expressing our disapproval of the caustic language employed by counsel for appellee in his petition for a rehearing. Mistakes and errors are bound to occur in courts as well as in all other human agencies. The rule of law permitting rehearings is intended to give an opportunity to courts to correct their judgments and opinions whenever it appears that a correction is warranted. Courts do not look with disfavor upon applications for rehearings when they are made in good faith and in respectful language. The petition in this case, however, was so cynical we would have been fully justified in striking it from the files. We might not have used this method of calling counsel's attention to his infraction of the rules of the court and the conventions of the legal profession if it were his first offense of this kind, but it is not.

*Reversed and remanded.*