A. B. Means, Appellee, v. George H. Meiner, Appellant.

Gen. No. 8,022.

1. PLEADING—*requisites of affidavit of merits.* The affidavit of merits required of a defendant under Cahill's St. ch. 110, ¶ 55, in response to plaintiff's affidavit of claim, must state facts showing a legal defense under the plea made, with sufficient particularity to apprize plaintiff of the nature and character of the defense.

2. PLEADING—*sufficiency of affidavit of merits.* An affidavit of merits in response to plaintiff's affidavit of claim in a suit for balance due on money advanced, which states that plaintiff had agreed with defendant to give him half the net profits of a grain elevator business in return for his labor in running the same, but had failed to do so

and concealed the amount of the profits and refused to pay for grain advanced by defendant, is sufficiently definite.

3. PLEADING—*object of affidavit of merits.* The purpose of Cahill's St. ch. 110, ¶ 55, requiring affidavits of meritorious defense, is to prevent vexatious delay by a filing of pleas without real defense or no real defense being apparent.

Appeal by defendant from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded with directions. Opinion filed February 28, 1927.

C. M. PEIRCE, for appellant.

HALL, MARTIN, HOOSE & DePEW, for appellee; EDWARD BARRY, JR., of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This suit was commenced by the appellee, A. B. Means, against the appellant, George H. Meiner, in the circuit court of McLean county, to recover damages in the sum of $3,000. The declaration in the case consists of the common counts. The appellee by leave of court filed an affidavit of claim, which states that his claim is for money advanced to the defendant; and that there is due from the appellant after allowing all just credits, deductions and set-offs, $2,684.23. And the appellee thereupon filed a bill of particulars purporting to show the items constituting his demand; and it appears from the bill of particulars that his demand is for various sums of money had and received by the appellant during the years 1922, 1923 and 1924, totaling the sum of $10,390.10; and it also appears from the bill of particulars that there are various credit items due the appellant covering the same period of time, which together amount to the sum of $7,705.87; and leaves a balance apparently due the

appellee of $2,684.23. One of the credits allowed the appellant in the bill of particulars is as follows:

"Dec. 31, 1922. Profits on Grain prior to said date, $1603.18." The appellant in defense filed the general issue, also a special plea of set-off, in which it is averred that the appellee is indebted to the appellant in the sum of $5,000; and that this sum is due for work and for materials furnished for the appellee at his request; and for money lent by the appellant to the appellee; and for money expended and paid by the appellant for the use of the appellee at his request; and for money received by the appellee for the use of the appellant; and for money expended for machinery purchased for the appellee by the appellant at the appellee's request; and for money received by the appellee out of the grain sold, rightfully belonging to the appellant, which is due and unpaid; and that all of such sums of money so due the appellant from the appellee exceed the amount claimed and sued for. The appellant also filed an affidavit of merits; but on motion of the appellee, the court struck appellant's affidavit of merits from the files, on the ground that it was legally insufficient and gave the appellant leave to file an amended affidavit of merits. The appellant thereupon filed an amended affidavit of merits. The amended affidavit avers that the appellant's defense arose out of an agreement between the appellee and the appellant by the terms of which the appellee was to furnish the money to pay for grain purchased, and to furnish the elevator, and all expense and material necessary to run the elevator; and that the appellant was to furnish the labor, and do the buying of the grain at the elevator at Holder, Illinois; and that the appellant was to draw checks for the grain purchased on the private account of the appellee; and that as compensation for the services of the appellant for the labor furnished by him in purchasing

grain and grading, weighing and loading it on cars, he was to receive from the appellee one-half of the net profits derived out of the grain over and above the cost paid for such grain to the farmers, less transportation charges, dockage as to grade, if any, and dockage as to loss, if any, in weight; and that the appellant paid out money of his own for grain purposes, and for machinery purchased by direction of appellee; and that the appellant sold his own and his son's grain for the elevator, which has not been paid for in full, and for which the appellee still owes; that the appellee has never accounted to or paid the appellant for his one-half of the net profits, but has refused to show the appellant the amount he received from the various cars of grain shipped during the running of the elevator referred to, by the appellant. The appellant also alleges that after entering into the agreement the appellee adopted a course of practice to defeat appellant from getting his part of the rightful profits made by shipping the grain purchased by him at Holder under the agreement, by having returns for said shipments made, not to the appellee individually, but having them made in the name of A. B. Means Company, or A. B. Means Grain Company, and thereby taking all the profits in a two per cent commission or more, which the appellant under their contract was entitled to share; that the appellee, though often requested to make an itemized statement of the amounts of money received from the grain purchased by appellant for him under their contract, has failed, neglected and refused to do so; and that therefore the appellant is unable to state the exact dollars and cents that are honestly due him from the grain handled; that the appellant verily believes that he has a good defense on the merits and a good right to recover over in his plea of set-off. The appellee filed a motion to strike the amended affidavit from the files, and for judgment as in case of default, alleging that the

matters of defense or set-off contained in the amended affidavit were "vague, indefinite and not sufficiently itemized." The court sustained the motion of appellee, and struck the amended affidavit from the files, and thereupon also rendered a judgment on the affidavit of claim filed by the appellee as in case of default, for the sum of $2,684.23. This appeal is prosecuted from the judgment. A motion was afterwards made by the appellant to set aside the order of default and judgment, but the motion was denied by the court. The appellee made a motion in this court, which we took with the case, to strike certain pages from the transcript of the record. We are of opinion that this motion should be denied.

The question presented for determination on appeal is whether the amended affidavit of merits was legally sufficient under the present statute requiring an affidavit of merits which specifies the nature of a defendant's defense where the plaintiff has filed an affidavit of claim with his declaration. In *Harrison v. Rosehill Cemetery Co.*, 291 Ill. 416, this question was considered by the Supreme Court, and the court comments on the present statute which has the "requirement that the affidavit should specify the nature of the defense, * * * enacted in 1907," and which provides, "that if the plaintiff in any suit upon a contract, expressed or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand and the amount due him from the defendant after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment as in case of default, unless the defendant or his agent or attorney shall file with his plea an affidavit stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand and specifying the nature of such defense, and if a portion, specifying the amount. The

only change made in the previous statute is by the addition of the words 'and specifying the nature of such defense.' That being the only change in the statute, the construction to be given to it is the same, except that the defendant must specify the nature of his defense. The defendant must not only file an affidavit stating that he verily believes he has a good defense to the suit upon the merits to the whole or a portion to the plaintiff's demand, but he must state the kind or character of the defense, and it necessarily must be a legal defense which could be made under his plea. If the plea is non-assumpsit the affidavit must show a defense under that plea, and if there are special pleas, such as payment, release or accord and satisfaction, the affidavit must show facts of such a nature as will be a defense under those pleas, with sufficient particularity to apprize the plaintiff of the nature of the defense, but it is not necessary to state the evidence or the facts in detail.'' It is necessary only to specify the amount involved in the defense, where the defense is to be a portion of the plaintiff's claim. Smith's St. 1925, ch. 110, sec. 55, Cahill's St. ch. 110, ¶ 55; *Colby v. Wilson*, 320 Ill. 416.

Viewing the amended affidavit in the light of the decisions referred to, we are of opinion that the matters therein contained set up and specify the nature of appellant's defense, which was to the whole of appellee's claim, with sufficient particularity to apprize the appellee of the nature and character of appellant's defense. And it is evident, also, from the averments in the affidavit, that the facts stated are as specific as the appellant could be expected to make them under the circumstances and conditions alleged in the affidavits.

The purpose for which statutes of this character requiring affidavits showing a meritorious defense are passed is to prevent vexatious delays, occasioned by

parties filing pleas in cases where they have no real defense or where a real defense is not apparent. *Haggard v. Smith*, 71 Ill. 226; *Harrison v. Rosehill Cemetery Co., supra.*

For the reasons stated, the judgment is reversed and the cause remanded with directions to overrule the motion to strike the amended affidavit of merits from the file.

*Reversed and remanded with directions.*