## The Howe Machine Company

*v.*

## Gust. Rosine.

87  105
27a 399

1.   Evidence—*relevancy—cost of machine sold.*   In a suit upon a note given · for the price of a sewing machine, where the evidence was conflicting as to the issues of fact, in respect to the matter of the consideration of the note, it was held erroneous to allow the defendant to prove the wholesale cost of such a machine.

2.   Error—*when obviated by instruction.*   An error in the admission of evidence is not obviated by an instruction to disregard such evidence, unless the case is such that it clearly appears no injustice or wrong has been done to the party complaining.

3.   Sale—*right to rescind.*   If an old machine is sold as a new one, and the vendor agrees to substitute certain parts of the machine by others, which he fails to do, the purchaser may rescind the sale by offering to return the machine and demanding his note given for the price.   ·

Appeal from the Circuit Court of Knox county; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. Williams, McKenzie & Calkins, for the appellant.

Mr. T. S. Murphy, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action upon a promissory note of appellee, given to appellant for the price of a sewing machine. The testimony as to the consideration of the note is very contradictory. The testimony of appellee and his witnesses tends to show that the machine sold was an old machine, and that it was sold to him as a new one; that certain parts, or appendages, of the machine were, by the contract for the sale, to be substituted by others to be furnished by appellant in their stead, which were not furnished, and that, on account of the machine being old, and the failure to furnish a new machine with the substituted parts, appellee offered to rescind the contract, restore the machine received and take up his note. If this be true, the verdict, which was in favor of the defendant below, is right.

The testimony in behalf of appellant tends to show that the machine was, in fact, a good machine, and appellant offered, in all respects, to comply with the contract, which was, without just excuse, refused by appellee.

Without intimating any opinion as to the weight of the testimony on these questions of fact, it is enough to say that it was in such condition that it was important that no irrelevant matter should be laid before the jury calculated to incline their minds for or against either party.

The machine was sold at the price of $80, and under the assurance of appellant's agent that it was worth that sum. Defendant was permitted, plaintiff objecting thereto, to prove that the wholesale cost of such machines to appellant was only about $21. This was error. It was well calculated to produce an effect upon the jury unfavorable to appellant, and may have had an influence on their minds in the making of their verdict.

It is insisted that this was obviated by an instruction of the court, afterwards given, directing the jury to give this fact no consideration. In some cases, where irrelevant evidence has

been admitted, and the jury afterwards properly instructed, it may be that the judgment need not be reversed on that account. This can not properly be done unless the case is such that it clearly appears that no injustice or wrong has been done to the party complaining of the error. Such is not this case. If the proofs in this case were such that, had the verdict been the other way, we could see that it ought to be set aside, we might say that no harm has been done by the error; but it is not.

For the error indicated the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*