EDWARD W. LOCKE v. THE PRIESTLY EXPRESS WAGON
& SLEIGH COMPANY.

*Contract—Compliance of machine with terms of sale—Evidence—
Charge to jury.*

1. In a suit upon a contract for the construction of a machine at
   a stipulated price, which the vendee refused to accept because
   not answering to the requirements of the contract, evidence by
   the plaintiff of the cost of the machine is irrelevant, his recov-
   ery being limited to the contract price.
2. In such a case evidence of the workings of *similar* machines,
   but not *like* the one in suit, and the amount of help required
   to operate them, is inadmissible, being outside of the issue being
   tried.
3. If the capacity of the machine manufactured upon a contract
   for a particular purpose is to be tested in establishing a con-
   dition precedent to payment, it should comply with the con-
   ditions mentioned in the contract.
4. An instruction to a jury not based upon any evidence in the
   case is erroneous.

Error to superior court of Grand Rapids. (Burlingame,
J.)    Argued June 19 and 20, 1888. Decided July 11, 1888.

*Assumpsit.* Defendant brings error. Reversed. The
facts are stated in the opinion.

*Taggart, Wolcott & Ganson,* for appellant.

*Smiley & Earle,* for plaintiff.

SHERWOOD, C. J.    The plaintiff makes claim against
the defendant for the price of one of its $400 machines
under the following contract:

"GRAND RAPIDS, MICH., January 5, 1886.
"MR. EDWARD W. LOCKE, City.
*Dear Sir:* You will please build us a machine for
bending the felloe, and putting on the tire, on the fol-

lowing size wheels: 10, 12, 14, and 16 inches in diameter.

" The machine is to be made in a workman-like manner, and to be capable of building wheels as good as samples when run by an average boy of 15 years of age; and the machine run by said boy is to average (500) five hundred wheels in 10 hours, if kept continually at work, or no pay for the machine.

"The price on the first machine is to be ($400) four hundred dollars, which price gives us the right to use the machine free of all charge for royalty for making wheels for the length of the patent, if any is obtained.

"If wanted, Mr. Locke further agrees to make us a second machine, for the same purpose, for (240) two hundred and forty dollars, or less; and a third machine, for building smaller wheels, for $240, plus the extra cost of patterns. We are to have 60 days after the machine is in practical operation in which to choose whether we pay the $400 as before. stated, or pay (1,000) one thousand dollars, for which latter sum Mr. Locke agrees to assign to us all right and title in the machine, for the length of the patent or invention, for the purpose of building wheels.

" PRIESTLY EXPRESS WAGON & SLEIGH CO.<br>Per F. H. Priestly, Secretary.

"Machine is to be completed within 10 weeks from date.

"Accepted on conditions herein stated.

"EDWARD W. LOCKE."

The common counts were added to the special counts upon this contract. The defendant pleaded the general issue, and gave notice under it that the machine mentioned—

" Was not constructed in a good and workman-like manner, and was not capable, when operated by an average 15-year old boy, in making 500 wheels in 10 hours, and that plaintiff had refused to perfect the same in accordance with the contract."

The cause was tried by jury before Judge Burlingame, in the superior court of Grand Rapids, where the plaintiff recovered the sum of $431.73. The defendant asks

for a review in this Court.    Seven exceptions are made in taking the testimony, but two of which do we find it necessary to consider.

The counsel for plaintiff was allowed to ask the plaintiff, when on the stand as a witness, what it cost to build the machine, and the witness was allowed to answer that it cost him $520, allowing wages for the time, and the money he had paid out.    The objection was that the testimony was immaterial, irrelevant, and incompetent.    This objection was well taken.    The plaintiff could only recover, if at all, upon his contract, and was limited to the sum therein stated.    What the cost of the machine was certainly was irrelevant, if not incompetent, and the testimony was well calculated to mislead the jury as to the true measure of damages.

Fred O'Brien had been at work with other machines which were doing similar work to that claimed for the machine in question.    He was sworn for the defendant ; and, on his cross-examination by counsel for plaintiff, he was asked about the working of the other machines, who and how many persons run them, and how much help was used when they made the most wheels; and, upon it appearing by the testimony of the witness that the machine was not like the one in suit, defendant moved to strike out the testimony as entirely outside of the case being tried.    It surely was and should have been stricken out for that reason.

Seven errors are assigned, based upon the charge of the court as given, and upon the refusals to charge.    Two of the charges given will be considered.    The other exceptions to the requests made and charges given are not so far erroneous as to make a reversal necessary upon those grounds.

The eleventh and thirteenth assignments of error are

well taken, and the instructions therein complained of were to the prejudice of the defendant.

The eleventh assignment is aimed at the following charge:

"The test of the capacity of the machine, under the contract, was a test of what the machine would do with the materials provided for a boy 15 years of age to operate with, both hoops and spokes and felloes and tires."

This is not the test provided for in the contract; and, if the capacity of the machine was to be tested at all in establishing a condition precedent · to payment, it should have complied with the conditions mentioned in the contract. They are therein clearly stated.

The thirteenth assignment of error relates to the following charge of the court:

"Now, the court does not believe that it is a matter of any consequence in your consideration as to whether the plaintiff in the suit made no objection to where they placed their steam-box or their box for the felloes, unless the contract was that they might place their box (the steam-box) and the box for the spokes at a certain distance away.

"If you should find that such was the contract, which does not appear in this contract, or if it should be a subsequent contract,—that the plaintiff had made an agreement that they might put the box at a certain distance away,—if you should find that he had agreed to anything of that kind, then, in that case, the time consumed in going to the steam-box, and going after the hoop and felloes, would not be counted against the ten hours, but you must find that such was the agreement, in order to count the time against the 500."

There was no evidence in the case tending to show any such contract between the parties relating to the location or situation of the steam-box or the box for spokes, or as to the time in going to them when the machine was running, and the suggestion should not have been made in the charge to the jury.

For the errors noted, the judgment must be reversed, and a new trial granted.

The other Justices concurred.