A. C. BERRY v. SOUTHERN RAILWAY COMPANY.

(Decided May 3, 1898.)

*Action for Damages—Common Carrier—Receipt of Goods—Liability of Carrier—Presumption.*

1. A shipper of goods wrote to the freight agent of a railroad company, "Will you please . . . have these three pieces marked according to the address already tacked on and forward immediately to Newport, R. I.? Will you mark them prepaid? I will be at the depot tomorrow and get the bill of lading and pay the freight." *Held*, that such letter was a direction for immediate shipment and did not make the marking of the pieces as prepaid a condition precedent to the shipment.

2. The delivery of a bill of lading is not necessary to make a carrier liable as such for goods sent to it for shipment.

3. When goods are delivered to a carrier for shipment, the presumption is that they are received for shipment and not for storage, and the burden is upon the company to show that it received the goods as a warehouseman and not as a carrier.

FAIRCLOTH, C. J., dissents.

CIVIL ACTION tried before *Tmberlake, J.,* and a jury at July, 1897, Special Term of BUNCOMBE Superior Court. The facts appear in the opinion. There was a judgment of non-suit and plaintiff appealed.

*Messrs. Davidson & Jones* and *Bourne & Parker* for plaintiff (appellant).

*Messrs. Tucker & Murphy* for appellee.

CLARK, J.: The plaintiff sent the goods to the defendant's station with the following note:

"Freight Agent: Dear Sir—Will you be kind enough to have these three pieces marked according to the address already tacked on and forward as soon as possible to Newport, R. I.? Will you mark them prepaid?

I will be at the depot to-morrow and get the bill of lading and pay the freight—and greatly oblige.

"MRS. BERRY."

This order was a direction for the immediate and earliest shipment of the goods. The request to mark them prepaid was not a condition precedent to the shipment but a collateral request that as a favor to her they might be so marked, as she would pay the agent the next day. Had the agent done so without payment he would have become responsible to the company for the amount, and he did nothing wrong in declining. He, however, received the goods, weighed them, and entered them on the bill of lading. Delivery of a bill of lading is not necessary to fix liability upon the defendant. *Wells* v. *Railroad*, 51 N. C., 47.

The delivery of goods to a common carrier raises a presumption that it receives them as a common carrier and the burden is upon the company to show that it received them only as a warehouseman, and that the shipper either assented to that arrangement as, for instance, by a request to hold the goods, or was notified by the company that it held them for further orders. It is certain that the plaintiff sent the goods to the defendant for immediate shipment and did not request nor desire them to be held. Why request to mark them prepaid, if she expected him to hold them till she paid? It was his duty to make them prepaid when the freight was paid, without any request. Upon her request to mark them prepaid, the agent might, after declining, have shipped them "collect," or he might have notified the shipper that he refused to receive them without prepayment, neither of which he did ; or, he might have notified her that the company would hold them till the freight was paid or till he had orders to ship "collect."

The plaintiff offered evidence that the agent promised to ship at once, but if there was evidence to the contrary that the goods (and not merely the bill of lading) were to be held till the freight was paid, it should have been left to the jury, for the burden to show it was upon the defendant and it was error to hold, as a matter of law, that "Upon the whole testimony the plaintiff could not recover." *Spruill* v. *Ins. Co.*, 120 N. C., 141; *Collins* v. *Swanson*, 121 N. C., 67.

The defendant might have demanded prepayment of the freight. *Allen* v. *Railroad*, 100 N. C., 397; *Code*, Section 1963. This the agent did not do. He merely refused to mark the bill of lading prepaid, unless payment was made. The case should have been submitted to the jury with the construction by the court of the note, as above, and with the instruction that having received the goods the burden was on the defendant to show that it received them as warehouseman, not as common carrier, and that the shipper had notice of that fact. If it received the goods as common carrier, it was liable for the value of the goods destroyed by fire while in its custody, whereas, if it held them as warehouseman, it was not liable unless negligence was shown.

Error.

FAIRCLOTH, C. J., dissents.