### EMPIRE STATE SURETY CO. v. HANSON et al.

(Circuit Court of Appeals, Eighth Circuit. January 10, 1911.)

#### No. 3,391.

1. PRINCIPAL AND SURETY (§ 123*)—SURETY FOR BUILDING CONTRACTOR—NOTICE OF DEFAULT—"IMMEDIATELY AFTER."

> A provision of a bond given by a building contractor to secure the faithful performance of a contract for the construction of certain buildings, and which provided that they should be completed by a certain date, requiring the obligees to notify the surety "immediately after" any default by the contractor which might create liability on the bond, was complied with by service of a written notice, four days before the expiration of the time for completion of the buildings, that they would not be completed within the time, which was at that time apparent from their condition.

> [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 304–311; Dec. Dig. § 123.*

> For other definitions, see Words and Phrases, vol. 4, pp. 3403–3410.]

2. CONTRACTS (§ 237*)—MODIFICATION—CONSIDERATION.

> An agreement by the owners of buildings under construction to extend the time for their completion beyond that fixed by the contract, on the promise of the contractor to have them completed within a further time stated, was without consideration, and constituted no defense to an action for breach of the contract by failure to complete them by the time provided for therein, where the agreement did not induce the default.

> [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1119–1122; Dec. Dig. § 237.*]

In Error to the Circuit Court of the United States for the District of Colorado.

Action at law by Elof A. Hanson and August L. Anderson against the Empire State Surety Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

W. H. Ferguson (Milton Smith and Chas. R. Brock, on the brief) for plaintiff in error.

Edwin W. Hurlbut and Harper M. Orahood, for defendants in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

VAN DEVANTER, Circuit Judge. This writ of error challenges a judgment which the obligees in a surety bond recovered against the surety company. The bond was given to secure the faithful perform-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ance by the obligor of his contract for the erection of four houses in Denver, Colo. His contract required that the houses be completed on the 15th day of November, 1908, and the surety bond was made subject to the condition that the obligees should give to the surety company a written notice of any act of the contractor involving a loss for which the company would be responsible, and that this notice be given "immediately after" the act came to the knowledge of the obligees. In their complaint the obligees, in addition to charging a failure to complete the houses within the time specified, alleged that they had well and truly performed each and every condition of the bond which was to be performed by them, and this latter allegation was denied in the answer, which also alleged that the obligees had failed to give notice in writing of the contractor's default immediately after it came to their knowledge. The only evidence produced upon the trial was that for the plaintiffs, and at the conclusion thereof each party moved for an instructed verdict in its favor. The defendant's motion was overruled, and that of the plaintiffs was granted. This ruling is now called in question and it is necessary to consider whether there was any substantial evidence to sustain the verdict.

The discussion of counsel relates only to whether there was any evidence that the plaintiffs complied with the condition of the bond calling for notice of the contractor's default. There was evidence tending persuasively to show that on November 11, 1908, four days before the time fixed for the completion of the contract, the houses were in such a state of incompletion as very reasonably to generate the belief that it would be impossible for the contractor to complete them within the remaining time; that the plaintiffs, who were familiar with the state of the work, reached the conclusion that it could not be completed within that time; and that they accordingly sent a written notice to that effect to the surety company, which notice was duly received. But because this notice was sent four days before, and not immediately after, the time fixed for the completion of the contract, and for no other reason, it is said that the notice was not effective and did not satisfy the terms of the bond. We are of a different opinion. It well may be that the obligees were not bound to anticipate the contractor's default, and could have waited until the 15th of November, or the day thereafter, to give the prescribed notice; but it does not follow that they were bound to wait. The words "immediately after," in the condition relating to notice, obviously were used, not for the purpose of forbidding or preventing a well-grounded anticipatory notice, such as was given, but for the purpose of insuring a prompt notice, such as would enable the surety company to take appropriate precautions for its own protection. When upon the 11th of November it became reasonably certain that there would be a default, it was in full keeping with this purpose that the obligees should give the notice then. In doing so they but gave to the surety company whatever of additional advantage was incident to their timely action. So, treating the evidence as presenting only a question of law in respect of the sufficiency of the notice given, as must be done in the presence of the concurring requests for a directed verdict, we are of opinion that no error was committed in directing a verdict for the plaintiffs.

Complaint is made of the admission in evidence of some later notices and of some verbal conversations between the obligees and the resident agent of the surety company. But of these it is enough to say, first, that this evidence in no wise detracts from the force or effect which otherwise should be given to the written notice of November 11th; and, second, that in the view which we take of that notice it is not necessary to consider whether this other evidence was rightly or erroneously admitted.

Complaint also is made of the ruling whereby a demurrer to the second defense of the answer was sustained. That defense alleged that the obligees, without the knowledge or consent of the surety company, extended the time for the completion of the contract from November 15th to January 1st, and that the consideration for this extension was a promise on the part of the contractor to complete the buildings by January 1st, if he did not complete them by November 15th. This asserted extension was not obligatory upon the obligees, because it was not supported by any lawful consideration. The contractor's agreement to do either all or less than he already was bound to do was not such a consideration. Besides, there was no allegation that the contractor relied upon the asserted extension, or that his default was in anywise induced by it. Therefore the ruling was right.

Further complaint is made of two rulings relating to the amendment of the pleadings; but there was no reversible error in this, because such matters are committed largely to the discretion of the trial court, and because there is in the record no suggestion of an abuse of discretion in this instance.

The judgment is affirmed.