## KILBORN v. PYNE.

(Circuit Court of Appeals, Third Circuit. March 7, 1922.)

No. 2740.

Contracts ⬦79—A promise, without acquisition by promisor or surrender by promisee of some legal right, is without consideration.

Where plaintiff and defendant were jointly and severally obligated for payment of a note, a promise by plaintiff to relieve defendant of his liability thereon, in consideration of services previously rendered gratuitously by defendant, held without legal consideration and not enforceable.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action at law by Percy R. Pyne, Jr., against Horace M. Kilborn. Judgment for plaintiff, and defendant brings error. Affirmed.

Marshall Van Winkle, of Jersey City, N. J., for plaintiff in error.
James D. Carpenter, of Jersey City, N. J., for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and ORR, District Judge.

DAVIS, Circuit Judge. At the trial of this case, which was removed from the New Jersey Supreme Court, when the testimony was all in, the learned trial judge of the District Court directed a verdict for the plaintiff on the ground that the defendant's evidence did not constitute a defense. Only a condensed statement of the facts is necessary for the determination of the questions involved:

At the request of the plaintiff and defendant, one Anderson T. Herd, on June 18, 1917, became an accommodation maker of a promissory note for $30,000 payable within three months to himself. The note, indorsed by the plaintiff and defendant, was discounted by the Metropolitan Trust Company of New York, and the proceeds were spent by Messrs. Pyne and Kilborn in financing the construction of a track for automobile racing, called the Sheepshead Bay Speedway, in which they, with others, were interested. The note was made pursuant to an agreement among plaintiff, defendant and Herd, whereby plaintiff and defendant jointly and severally guaranteed to the Trust Company to pay the note at its maturity. In consideration of this guaranty and the indorsement of plaintiff and defendant, Herd agreed to become accommodation maker of the note and to negotiate it for them. The note was renewed on September 17, 1917, but on December 15, 1917, plaintiff paid $10,000 on the principal and renewed the note for $20,-000. This was renewed by Herd under the same guaranty and indorsements from time to time until it was paid in full by the plaintiff on October 3, 1918. This suit was instituted by him to recover from the defendant one-half of the principal of the note, interest, and one brokerage commission, which amounted to $18,418.83.

There was no question about the original liability of the defendant on the original note and the renewals; but he says the plaintiff orally promised to relieve him from this liability in consideration of the assistance he rendered the plaintiff in securing several loans for him, or for companies in which he was interested. The defendant testified that he said to Mr. Pyne, in September or October, 1917, in the office of the Council of National Defense, where Mr. Pyne was engaged at the time, "that I thought I ought to be relieved of any technical liability, which he agreed to do." Mr. Pyne, on the contrary, denies that he made any such promise, or that any such conversation ever took place between them. Whatever the fact may be, the defendant continued to indorse the renewal of the note until it was paid in full. The trial judge directed a verdict on the ground that this alleged oral promise, if actually made, was without consideration, and so unenforceable.

At the time the defendant alleges that he used his influence to have

the banking institutions make the loans, the plaintiff did not make any promise of reward, express or implied, and the defendant did not intend to charge for his services. He testified as follows:

"Q. Now, did you intend at that time to charge Mr. Payne anything for brokerage or anything else, commissions or bonus in getting these loans; at that time did you have any idea of charging him? A. No.
"Q. You did not present any bill to him, did you? A. No."

Just what caused the defendant to change his mind does not appear, but he did change it, and, according to his testimony, went to Washington to ask the plaintiff to relieve him from his liability on the note in consideration for the services which he had already gratuitously rendered. Does a promise made under these circumstances constitute a defense to the action? A promise without consideration is not enforceable. It is a "nudum pactum ex non quo non oritur actio." "To constitute a valid agreement, there must be a meeting of minds upon every feature and element of such agreement, of which the consideration is one." Fire Insurance Association v. Wickham, 141 U. S. 564, 579, 12 Sup. Ct. 84, 35 L. Ed. 860; Morford v. Vunck, 3 N. J. Law, 584; Clyne v. Helmes, 61 N. J. Law, 358, 364, 39 Atl. 767; Belknap v. Bender, 75 N. Y. 446, 31 Am. Rep. 476; 13 Corpus Juris, 312. Consideration is the acquirement by the promisor of some legal right to which he otherwise would not have been entitled, in return for his promise or the loss by the promisee of some legal right which he otherwise would have been entitled to exercise. 13 Corpus Juris, 311. To give a consideration value sufficient to support a promise, it must be either such as deprived the promisee of a right which he before had, or conferred upon the promisor a benefit which he could not otherwise have obtained. Conover v. Stillwell, 34 N. J. Law, 54, 57. This is the general rule of law applicable to this case, and the cases cited by appellant do not squarely meet the question here raised, and are not in conflict with the law here declared.

There was no consideration for the alleged promise of the plaintiff. He did not acquire a single thing of value in return for it, and the defendant did not give up or forbear anything whatever in consequence of it. If made, as the defendant alleges it was, it was a nudum pactum, and does not discharge him from liability on the note and guarantee. This being true, on the defendant's own evidence, there was nothing for the jury to pass upon. It was wholly a question of law which the court correctly declared.

This was the central and in fact the only point in the case. The other assignments have been considered by us, but they are without merit, and do not call for discussion.

The order of the District Court is affirmed.