Guy I. Colby, Defendant in Error, *vs.* Everett W. Wilson, Plaintiff in Error.

*Opinion filed February 18, 1926—Rehearing denied April 8, 1926.*

1. Pleading—*purpose of requiring bill of particulars.* The object of requiring the plaintiff to file a bill of particulars is to inform the defendant of the claim he is called upon to defend against, and its effect is to limit and restrict the plaintiff, on the trial, to proof of the particular cause or causes of action therein mentioned.

2. Same—*when plaintiff should be required to file bill of particulars.* Where the plaintiff, by a declaration of the common counts, together with an affidavit of claim, sues for services rendered the defendant as an accountant, the defendant's motion for a bill of particulars should not be denied where he shows by affidavit that the services were rendered partly for a corporation of which he was president, and that he is not able to prepare a sufficient affidavit of defense, in compliance with the statute, without knowing whether the specific items sued upon were for services rendered himself or the corporation, such information not being given by the declaration, statement or affidavit of claim.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

LEFORGEE, BLACK & SAMUELS, and BURTON & HAMILTON, for plaintiff in error.

HAROLD R. SCHRADZKI, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This case was heard in the Appellate Court for the Second District on appeal from a judgment of the circuit court of Peoria county for the sum of $1912.58, entered as in case of default in favor of Guy I. Colby and against Everett W. Wilson. A writ of *certiorari* was granted to review the judgment of the Appellate Court.

The declaration consisted of the common counts for goods sold and delivered, moneys lent and advanced, moneys paid out and expended, moneys received for use of the defendant, interest and forbearance, labor, services and materials furnished, and balance due upon an account stated. With the declaration the plaintiff filed the usual copy of account sued on, enumerating each of the items of the common counts and placing the amount of each item at $2500, and an affidavit of claim stating that the cause of action of the plaintiff "is for personal services as accountant for Everett W. Wilson and for tax counsel, and for expenses in connection therewith, during the months of March, April, May and June, 1923, at the request of the defendant, and that there is due to the plaintiff from the defendant, after allowing to the defendant all just credits, deductions and set-offs, $1912.58." The defendant filed a motion for a rule upon the plaintiff to furnish a more specific bill of particulars. This motion was denied and the defendant was ruled to plead. The defendant thereupon filed a plea of

320—27

the general issue, supported by his affidavit, in substance, that he "has a meritorious defense to the entire amount of said claim." Thereupon the plaintiff moved to strike the affidavit of defense from the files and for judgment upon the pleadings. The defendant filed a cross-motion to set aside the order denying the bill of particulars, which motion was supported by affidavit.

The affidavit stated that the plaintiff was for some time prior to 1923 retained and engaged by the American Distilling Company in relation to certain audits in the books of said corporation and for services by him rendered in relation to Federal tax matters; that said employment was at a time when the defendant was president of the corporation, and that for the services of the plaintiff from time to time claimed to have been rendered to the American Distilling Company, there was from the year 1918 to 1923 a sum in excess of $80,000 paid to the plaintiff by the American Distilling Company; that during the time aforesaid certain matters in relation to the personal tax of the defendant arose which were handled by the plaintiff, of the amount of said services as distinguished from services rendered the American Distilling Company, and expenses incident thereto, the defendant has not been advised, nor is he now advised, as to the nature and extent of such charges; that the statement of the plaintiff is wholly general, and that the defendant cannot safely proceed to trial until a bill of particulars is filed by the plaintiff particularizing and setting forth whether the plaintiff's claim is based on an expressed or implied contract, what the services were from time to time claimed by him to have been rendered, together with the days and dates and the purpose for which such pretended expenditures were made, and of the sum of $1912.58 claimed by the plaintiff how much is for his pretended services as an accountant, how much as tax counsel and how much thereof for expenses; that the defendant verily believes that upon a statement of the account and a setting

forth of the particulars the plaintiff is without any contract, either expressed or implied, to or with the defendant, and that all services which were by him rendered were compensated in the remuneration he has from time to time received; that the defendant verily believes that upon the coming in of a bill of particulars wherein the claim of the plaintiff is particularized, the defendant will be able to defeat the cause of action, or, in any event, as to any amount in excess of $300.

The motion to set aside the order denying the bill of particulars and for a rule to furnish a bill of particulars was denied. Thereupon the defendant asked leave to file an amended affidavit of defense, presenting with his motion an affidavit, which stated that prior to the months of March, April, May and June, 1923, and while the defendant was president of the American Distilling Company, it had the plaintiff in its employ as an accountant to produce certain figures and statements of accounts in relation to the affairs of the American Distilling Company; that during the time the plaintiff was so employed numerous questions arose in relation to the affairs of the defendant with the American Distilling Company and in relation to certain tax claims alleged by the plaintiff to exist between the defendant and the United States government; that the plaintiff performed certain work and labor in stating the account between the defendant and the American Distilling Company, but that the services so rendered were while he was in the employ of and paid by the American Distilling Company, and for the services rendered as an accountant he has been fully, completely and wholly paid and the value of his services satisfied; that the plaintiff did act as tax counsel for the defendant in relation to certain claims existing between him and the Federal government; that the defendant has paid him for said services the sum of $900; that the defendant did not have the days or dates or the amounts of the various expenditures claimed to have been made by the plain-

tiff in behalf of the defendant; that no express contract was ever made between them as to the consideration to be paid for the services rendered by the plaintiff as tax counsel and for the expenditures made in relation to said matter by him; that the defendant does not know, nor has he ever been advised by the plaintiff, the particulars of the amount or quantity of services rendered by him as tax counsel or accountant, nor has he ever specified to the defendant the amount claimed by him to have been expended, and the defendant verily believes that upon a trial of this case he will show that there is not now due to the plaintiff a sum in excess of $300 for any services by him rendered prior to the date this suit was instituted.

The court overruled the defendant's motion for leave to file an amended affidavit of merits and granted the plaintiff's motion to strike the original affidavit of merits from the files, and thereupon entered judgment against the defendant for $1912.58 upon the affidavit of claim without hearing any evidence.

It is contended by plaintiff in error that the court erred in not requiring defendant in error to file a bill of particulars and in not allowing plaintiff in error to file his amended affidavit of merits. The object of requiring a plaintiff to file a bill of particulars is to inform the defendant of the claim he is called upon to defend against, and its effect is to limit and restrict the plaintiff, on the trial, to proof of the particular cause or causes of action therein mentioned. (*Morton* v. *McClure,* 22 Ill. 257; *Waidner* v. *Pauly,* 141 id. 442.) In 31 Cyc. 567 it is said: "There is no fixed and inflexible rule as to when a party is entitled to a bill of particulars, but generally it is held that in any case where, from any cause, a party is placed in such a situation that he cannot properly plead or prepare for trial, or that justice cannot be done at the trial unless he is apprised of the particulars and circumstances of his opponent's case with more particularity than is required by the rules of pleading,

the court may direct that information as to such matters shall be seasonably furnished." In 21 R. C. L. 480, it is said: "In actions on money demands consisting of various items, a bill of particulars of the dates and descriptions of the transactions out of which the indebtedness is claimed to have arisen is granted almost as a matter of course." In *Chicago and Northwestern Railway Co.* v. *Chicago and Evanston Railroad Co.* 112 Ill. 589, (a condemnation suit,) in discussing a motion made for a rule on the petitioner to exhibit the plans and profile of its proposed railroad across the land proposed to be condemned, it is said: "This motion was in the nature of an application for a bill of particulars, which is demandable in all kinds of actions and proceedings where, by reason of the generality of the claim or charge, the adverse party is unable to know with reasonable certainty what he is required to meet. (1 Tidd's Practice,—1st Am. ed.—334-336.) The rule applies even to criminal proceedings, as well as civil. Wharton, in his work on Criminal Law, (vol. 3, sec. 3156,) says: 'Whenever the indictment is so general as to give the defendant inadequate notice of the charge he is expected to meet, the court will, on his application, require the prosecution to furnish him a bill of particulars of the evidence intended to be relied on.' The practice in this respect is founded on the clearest principles of justice, and should not be departed from in any case where the circumstances require an application of the principle."

Defendant in error having filed with his declaration an affidavit of claim, it thereupon became necessary for plaintiff in error to file with his plea an affidavit of merits "stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense, and if a portion specifying the amount, according to the best of his judgment and belief." (Smith's Stat. 1925, chap. 110, sec. 55.) This affidavit is required to be

specific in specifying not only the nature of the defense, but if the defense is to a portion of the claim, only, the affiant must specify the amount, according to the best of his judgment and belief, to which such defense applies. It is therefore necessary, before attempting to make such affidavit, that the defendant be apprised of the items of the plaintiff's claim, in order that his affidavit may comply with the requirements of the statute. In the present case neither the declaration, the statement of claim filed with the declaration, nor defendant in error's affidavit of claim, contained such specific information as to enable plaintiff in error to know with reasonable certainty what he was required to meet, and justice would seem to require that such information should be furnished before judgment could be rendered against him for want of an affidavit specifically stating his defense to defendant in error's claim or specifying the amount of the claim to which he had a defense.

While plaintiff in error's amended affidavit of merits which he sought to file was couched in general terms and could not have been considered as a defense to defendant in error's entire demand, yet it did state matters of defense to a portion of such demand, and was probably as specific as he could make it in view of the lack of specific information as to the items of defendant in error's demand in the declaration, statement of account and affidavit of claim, and therefore it was error for the court to strike from the files plaintiff in error's plea of the general issue and to render judgment for default without hearing any evidence.

The judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court.

*Reversed and remanded.*