WALWORTH BROS., INC. *vs.* JULES J. GUERIN.

JUNE 26, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J.   This is an action in assumpsit to recover for damage to yarn which was partially burned while in defendant's garage loaded on one of his automobile trucks. The yarn had been purchased by the plaintiff from the Bonin Spinning Company in Wòonsocket.   At the request of said Spinning Company the yarn was placed upon the defendant's truck on a Saturday afternoon in compliance with an understanding that the truck and yarn would be stored until the following Monday in the defendant's garage and the yarn then transported and delivered to the plaintiff in Boston.   On the Sunday following the loading of the yarn it was damaged by a fire which consumed a portion of the garage.   The fire was caused by a mechanic dropping

an extension light. The plaintiff alleged in its declaration that the yarn was received and held by the defendant as a common carrier. The jury returned a verdict for the plaintiff for $3,213.60 and the case is before us on the defendant's exceptions as follows: To the admission of evidence; to instructions to the jury; to the refusal to instruct as requested and to the refusal to direct a verdict for the defendant.

The defendant contends that there was no evidence that he was a common carrier and, hence, that the trial justice erred in denying the defendant's motion for a direction of a verdict in his favor.

The defendant did a trucking business under the name of "J. J. Guerin Teaming & Trucking Company." He contended that he was a private and not a common carrier of goods. On the sign attached to his place of business were the following words: "J. J. Guerin Trucking & Teaming, trucking everywhere and everything, safe, furniture, and pianos, boilers." He owned and used in his business eleven automobile trucks. The defendant, in testifying, did deny that he held himself out as a person willing to carry goods at a reasonable price for all persons indiscriminately. However, it was a question for the jury on all of the evidence whether the defendant was a common carrier and accepted the yarn in such capacity. The ruling denying the motion for a direction of a verdict was correct.

The defendant contended that, even although he should be deemed to be a common carrier, he accepted the yarn not as a common carrier but as a warehouseman for storage from Saturday until Monday. The trial justice instructed the jury that if the defendant was engaged in business as a common carrier the burden was upon him to show that the yarn was delivered to him as a warehouseman. The defendant's exception to this instruction is overruled. The rule is stated in 10 C. J. 371 as follows: "Delivery of goods to a carrier raises a presumption that it receives them as such, and puts on it the burden of showing that it received

them only as a warehouseman." In *Berry* v. *So. Ry. Co.*, 122 N. C. 1002, 30 S. E. 14, the court said: "The delivery of goods to a common carrier raises a presumption that it receives them as a common carrier and the burden is upon the company to show that it received them only as a warehouseman, and that the shipper either assented to that arrangement as, for instance, by a request to hold the goods, or was notified by the company that it held them for further orders."

The defendant excepted to the refusal of the trial court to strike out the testimony of Mr. Bonin, the treasurer of said spinning company, relative to the market value of the yarn. The witness had testified that the market price of the yarn at the time it was damaged was $4.00 per pound. On cross examination he testified that his testimony as to value was based entirely on the cost of production plus a reasonable profit. This exception is sustained.

The market price may be much more or much less than the cost of production plus a reasonable profit. The market price of a staple article of commerce is largely controlled by the law of supply and demand. Wigmore in § 717 of his Treatise on Evidence, makes the following statement: "value is, of course, the rate at which an exchange would in fact be made at this moment by the purchasing and selling community; hence, a knowledge of what an article *ought* to exchange for is not a knowledge. of value,—at least, in the sense in which courts regard it."

The defendant excepted to the following instruction to the jury: "If you find that those goods were entrusted to the defendant as a warehouseman, in order to hold him liable as a warehouseman you must further find that the loss, damage or destruction of those goods was caused by some act of negligence on his part or some failure to do on his part what the ordinary reasonable and prudent person would do under the same circumstances."

It evidently did not come to the attention of the trial justice that the plaintiff, in its declaration, declared against

the defendant only as a common carrier and that the declaration contained no count alleging a negligent keeping as a warehouseman. Under its declaration the plaintiff was not entitled to show liability as a warehouseman and did not attempt to do so. The defendant was urging that there could be no recovery in this action because, as he contends, he was not a common carrier but a warehouseman and had not been declared against as such. By the instruction the jury were told that they could find against the defendant even although he did not hold the yarn as a common carrier, provided they were satisfied that the damage to the yarn was caused by the defendant's negligence. Although there was no evidence tending to show that the dropping of the extension light was a negligent act or whether the defendant was responsible therefor, the jury might readily have reached the conclusion that the defendant was liable because someone in his garage had caused the fire. The instruction was erroneous and the defendant's exception thereto is sustained.

All of the remaining exceptions are overruled and the papers in the case are ordered remitted to the Superior Court for a new trial.

*Edward C. Stiness, Daniel H. Morrissey,* for plaintiff.
*Greene, Kennedy & Greene,* for defendant.