### CUNEO PRESS, Inc., v. CLAYBOURN CORPORATION.

#### No. 6038.

Circuit Court of Appeals, Seventh Circuit.
May 13, 1937.

Rehearing Denied June 29, 1937.

234

Raymond P. Fischer and Charles LeRoy Brown, both of Chicago, Ill., for appellant.

Weymouth Kirkland and Jay Fred Reeve, both of Chicago, Ill. (Jay Fred Reeve, William H. Symmes, and John M. O'Connor, Jr., all of Chicago, Ill., of counsel), for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellee brought this suit in the District Court against appellant to recover the purchase price of two printing presses at $42,000 each, less advancements made, and recovered $60,000.

By written contract, on April 8, 1931, appellee undertook to manufacture, sell, and deliver and appellant to buy two special printing presses at a price of $42,000 each. The vendor warranted that the presses would run at a maximum speed not less than 5,500 sheets per hour, with a guaranteed production of 4,200 sheets, and that the product would be of a certain desired

quality. The presses were bought f. o. b. Milwaukee and were to be tested and subjected to appellant's inspection at appellee's factory there before shipment. Appellant was to advance appellee 25 per cent. of the purchase price before shipment, and the remainder was to be paid after the presses, installed, had attained the speed and quality warranted.

Appellee filed its declaration in indebitatus assumpsit, seeking recovery of the purchase price. It filed a bill of particulars, later amended, in which it relied upon the contract, modified, however, by an alleged supplemental parol agreement in April, 1932, to the effect that all warranties of speed or quality of product were to be eliminated, all claims by appellant for damages waived, and the presses delivered and tested in Philadelphia instead of Milwaukee and that, upon inspection and test, if they proved satisfactory to appellant, the balance of the purchase price should be paid, but if not satisfactory, they should be returned to appellee and the latter would in turn return to appellant the amount previously advanced. The bill asserted that appellant had remitted to appellee 20 per cent. of the contract price; that the presses had been shipped to Philadelphia; that they had remained in the possession of appellant; that the balance of the purchase price had not been paid; and that appellant had retained the presses and refused to return them to appellee.

Appellant filed a plea of nonassumpsit and notice of set-off, which, under the Illinois Practice Act (Smith-Hurd Ill.Stats. c. 110 Appendix, § 1 et seq.) then in force and effect, constituted notice of defense upon which no issue could be joined, which was not subject to demurrer, and to which no replication was possible. No question arose upon its allegations except when evidence was offered to support it. Burgwin et al. v. Babcock et al., 11 Ill. 28, 30; Bailey v. Valley National Bank, 127 Ill. 332, 19 N.E. 695; Menke v. Barnhart, 137 Ill.App. 223. The notice claimed damages against appellee for breach of the contract to manufacture and deliver and breach of the warranties included therein, both general and special. It alleged that the presses were manufactured for a special purpose and that special damages had accrued because of its inability to perform certain printing contracts claimed to have been brought to the attention of appellee at the time the contract was entered into.

Trial was had upon the common counts, the bill of particulars, the plea of nonassumpsit, and the notice of set-off.

Appellant contends that the court committed error in not holding as a matter of law, (1) that there was no consideration to support the alleged agreement of modification releasing damages and eliminating warranties; (2) that there was no evidence to support a finding that any authorized officer of either corporation assented to the alleged modification; (3) that the modification agreement was merely the personal undertaking of the individuals participating in the conversation; (4) that the original contract and all modification thereof were embodied in writings so that under the parol evidence rule the testimony as to disputed modifications inconsistent with the writings were improper and insufficient to establish the terms of any modification.

Appellant further insists that, (1) there could be no valid recovery by appellee under the common counts and the amended bill of particulars, for the reason that a waiver of performance could not be established under the common counts; (2) the court erred in permitting evidence of the cost to appellee of producing the presses, as evidence of value; (3) the court erred in improper instructions to the jury.

Modification of a contract by subsequent agreement is subject to the rules governing all contracts. Consequently any promise therein contained to do that which one is already obligated to do confers no advantage on the promisee, imposes no detriment on the promisor and is without consideration. 1 Williston on Contracts (1936) § 130; 1 Page on Contracts, § 589; Alaska Packers' Ass'n v. Domenico, 117 F. 99 (C.C.A.9); Empire State Surety Co. v. Hanson, 184 F. 58 (C.C.A.8); Frankfurt-Barnett Co. v. William Prym Co., 237 F. 21 (C.C.A.2); In re American Range & Foundry Co. (D.C.) 14 F.(2d) 466; Brunswig Grain Co. v. Anchor Grain Co., 10 F. (2d) 304 (C.C.A.5); G. S. Johnson Co. v. Nevada Packard Mines Co. (D.C.) 272 F. 291. In other words, consideration is necessary to support a waiver or release of rights whether accomplished by an original instrument or by a modification of an existing contract. Frankfurt-Barnett Co. v. Prym Co., 237 F. 21 (C.C.A.2); Empire State Surety Co. v. Hanson, 184 F. 58 (C.C.A.8); Weed v. Spears, 193 N.Y. 289, 86 N.E. 10; Goldsborough v. Gable, 140 Ill. 269, 29 N.E. 722, 15 L.R.A. 294.

The controversy between the parties in this connection, then, is as to whether there was any consideration for the modification. A consideration, in the legal sense of the word, is some right, interest, benefit, or advantage conferred upon the promisor, to which he is otherwise not lawfully entitled, or any detriment, prejudice, loss, or disadvantage suffered or undertaken by the promisee other than such as he is at the time of consent lawfully bound to suffer. 13 Corpus Juris 311; 6 Ruling Case Law 654; Toffenetti v. Mellor, 323 Ill. 143, 153 N.E. 744; Kilborn v. Pyne, 279 F. 864 (C. C.A.3); Goodman Mfg. Co. v. Mammoth Vein Coal Co., 185 Iowa, 253, 168 N.W. 912. Concerning a substituted performance relied upon as a discharge, Prof. Williston in his work on contracts, Vol. 3, Edition, 1936, § 680, says:

"If in any case the substituted performance given or agreed to be given is different from that originally contracted for, and is not merely less, the later agreement is supported by sufficient consideration and is unquestionably binding. If, however, as matter of necessary reasoning from the terms of the bargain itself, and not simply from proof of its value in fact, the substituted performance is less than that originally bargained for, there is no sufficient consideration; and if the agreement is enforced, it must be on principles not applicable to accord and satisfaction but to promissory estoppel or to one of the various classes of cases included under the broad and inaccurate name of waiver."

It is clear that appellee agreed to do something different from the obligation of its contract; something different from that which it was already bound to do. Appellant says that which it agreed to do under the alleged modification was less than its original obligation. Appellee asserts that the thing agreed to be done was other and different and not necessarily less or more than that contained in the original contract. It asserts that early in the construction of the machines appellant was advised that the vendor could not achieve the speed guaranteed; that though this occurred as early as June, 1931, and though its representative said that he had not believed that the guaranteed speed could be obtained, appellant did not elect to cancel the contract, but that in April, 1932, the officers of the two companies met in Chicago and appellant again reported that the presses could not attain the contract speed. There was evidence that the president of appellant then said he would insist upon damages; that appellee refused to ship the merchandise if appellant intended to insist upon damages; that president of appellant said he wanted the presses shipped to Philadelphia for test; that appellee replied that if appellant would waive all claims for damages and pay 25 per cent. of the purchase price in advance, it would ship the presses to Philadelphia and take chances upon them being satisfactory; and that if they were not satisfactory, appellant would return them and appellee would take them back and return to appellant the money it had paid and that the president of appellant agreed to this.

There is a dispute in the evidence as to at whose request the presses were shipped to Philadelphia and the testimony is not in very satisfactory form in that respect, but we find in the record some evidence that the change of place for testing the presses was made at the request of appellant. This evidence, appellee insists, was in itself sufficient consideration for appellant's promise to waive all damages. As a result of the shipment to Philadelphia, appellee was put to an additional expense in erecting and testing the machines, aggregating some $8,-000. Appellee also insists that the reduction of the advance payment from 25 to 20 per cent. was a detriment to appellee as well as the additional expense it incurred by changing the testing place of these presses. These two elements appellee insists were detriments to the appellee sufficient to constitute consideration. Appellant insists to the contrary that the modification imposed no detriment upon appellee and constituted no benefit to appellant.

Yet, as we understand the facts, under the original agreement, appellee was bound to manufacture and appellant was bound to accept machines complying with the warranties contained in the contract. Under the alleged modification, appellant was not compelled to accept, receive, or pay for the machines even if they attained the qualities of the specified warranties, if they were not "satisfactory" after operating test. Appellee could no longer tender machines conforming to the original contract and demand performance; it could recover only if it tendered machines which, even though complying with the warranties, were satisfactory to appellant. Consequently, the obligations of the parties were modified. If the testimony mentioned be accepted as true, the subject matter of the contracts was

changed; the obligation of the vendor modified and that of the vendee altered. These modifications of the obligations of both parties take the case out of those wherein it is held that the modifying agreement is void because by it the parties agree to do less than that contracted to be done. The detriment to appellee in binding itself to make machines and deliver the same in accordance with standards other than those specified in the original contract was not insufficient as a matter of law to constitute consideration. When coupled with the disputed evidence as to the change of place for testing and the detriment to appellee in cost in that respect, it seems to us that the court rightly left to the jury the question as to just what transpired at the time the alleged modification was made and, the evidence being disputed, that the verdict of the jury disposes of the question in favor of appellee.

We do not think there is any question preserved in the record justifying assignment of error upon the ground that there was no authority in the officers and agents of the respective corporations who allegedly participated in and entered into a waiver of warranties and damages. True, there was a plea of nonassumpsit and such a plea presents the issue of whether there was a contract. But the record does not disclose objection to the parol testimony as to the modification agreement, upon the ground of lack of authority of the parties to make the contract. Counsel insisted before the court repeatedly that there was "no valid evidence of a contract," but we think in justice to a trial court, if it is insisted that there should be proof of authority of an executive officer of the corporation to enter into a contract, objection upon that specific ground should be made, so that the court may correct the error while it has opportunity to do so. In the absence of such specific objection, we think there was no error in this respect.

Nor can we accede to the suggestion that such modification as came about was entirely reduced to writing, and that, therefore, parol evidence was improperly admitted as to the conversations. Appellant relies, in this respect, upon the language upon the back of two checks given for advancements, to the effect that the performance of the contract for delivery of the presses was not waived, but that the place for testing was changed. Below this language appellee placed its indorsement. But the statement fails to disclose to what contract the language has reference. It is left uncertain as to whether the original contract or the contract as modified was indicated. The checks were given subsequent to the alleged modification, and appellant, according to the testimony, regarded the language as referring to the modified contract and not to the original contract. There being ambiguity in the language, we think the court would not have been justified in holding, as a matter of law, that the contract of modification was reduced to writing.

Ordinarily, it is true, a cause of action at law, relying upon a written contract as modified and upon a waiver of damages, is not properly pleaded by counts in indebitatus assumpsit. Special pleading only can properly present the issue. But it is to be observed that the bill of particulars clearly discloses the cause of action relied upon; that appellant was in no wise surprised by the proof that was offered in support thereof; that no disadvantage accrued to appellant because of any insufficiency in form of the pleading. Title 28 U.S.C.A. § 777 provides that no defect or want of proper form of pleadings shall justify a reversal of a judgment, but that the court shall proceed and give judgment according to the right of the cause without regard to any such defect or want of form. Section 391 of the same title provides that trial courts shall give judgment after examination of the entire record, without regard to technical errors and defects which do not affect the substantial rights of the parties. Had injury accrued to appellant because of insufficiency of form or defect in pleading, a different question would confront us, but where the bill of particulars, the object of which is to inform the defendant of the claim against which he has called upon to defend and the effect of which is to limit and restrain the plaintiff on the trial to the proof of the particular cause or causes of action therein mentioned (Waidner v. Pauly, 141 Ill. 442, 30 N.E. 1025; People v. Parker, 355 Ill. 258, 189 N.E. 352; Bloom v. Vehon Co.. 341 Ill. 200, 173 N.E. 270, 72 A.L.R. 232; Colby v. Wilson, 320 Ill. 416, 151 N.E. 269) discloses the cause of action, upon which evidence is thereafter offered and defendant has been fully advised as to the nature of the claim, it is obviously the intent of Congress, under the statutes quoted, that neither the trial court nor the Court of

Appeals shall be concerned with defects of form in pleadings.

■ There was substantial evidence of damage to appellant. By its verdict the jury evidently gave no effect to the same. Appellant complains, in this connection, that the court wrongfully permitted appellee to offer parol evidence as to the cost of the presses. It was material, upon appellant's claim of breach of warranty, to determine the difference between the contract price and the actual value of the presses. If this difference was substantial, as contended by appellant, and if there was no modification of the contract, it was clearly entitled to damages, for there was no contention that the presses complied with the original warranties. It was essential, therefore, that the jury be properly advised, not only upon the question as to whether or not there was a modification, but, also, in case it found there was no modification, upon the value of the machines as they were delivered. The officers of appellee testified that the presses had cost over $100,000. This testimony was introduced as evidence of value, and the jury may have concluded that inasmuch as the presses cost much more than the contract price, even if they also believed there was no modification as to warranty, then under the warranties there was no damage to appellant, because the presses it has retained are worth more than those they contracted for. It was a vital question for appellant and we think the admission prejudicial. Evidence of cost of a specially manufactured machine to the seller has no probative effect and is well calculated to mislead the jury. Kadish v. Young, 108 Ill. 170, 43 Am.Rep. 548; U. S. v. Burton Coal Co., 273 U.S. 337, 47 S.Ct. 351, 71 L.Ed. 670; Howe Mach. Co. v. Rosine, 87 Ill. 105; Greenburg v. Childs & Co., 242 Ill. 110, 89 N.E. 679; Locke v. Priestly Exp. Wagon & Sleigh Co., 71 Mich. 263, 39 N.W. 54; Walworth Bros., Inc., v. Guerin, 49 R.I. 329, 142 A. 613; New York Underwriters' Ins. Co. v. Mullins, 244 Ky. 788, 52 S.W.(2d) 697.

The presses were largely in the nature of experimental devices. Their like had never been made before. The builder might succeed and might not. The completed machines might prove fit for their purposes or, as appellant contends, wholly useless. What appellee was compelled to expend for material and labor, therefore, was of no probative effect in the establishment of the value of the machines. It was prejudicial error to admit the testimony. The doctrine of cases

cited by appellee, supposedly to the contrary, does not militate against this rule when considered in the light of the present record.

In view of our conclusion in this respect, a reversal is necessary. Consequently it is unnecessary to observe other points urged on appeal. The judgment will be reversed with directions to grant a new trial.