**ARCHAMBAULT**

v.

**BLACKSTONE HOTEL, Inc.**

No. 52 C 2307.

United States District Court, N. D. Illinois.

Nov. 12, 1953.

John J. Maciejewski, Chicago, Ill., for defendant.

HOFFMAN, District Judge.

In this case the plaintiff seeks damages because of a beating and arrest allegedly caused by the defendant's employees during the evening and morning of July 22–23, 1952. An answer of denial was filed and sets forth an "additional defense" in that plaintiff, on July 23, 1952, signed and "executed a full, complete and valid release". A copy of the release is attached as an exhibit and reads as follows:

"*Release*

July 23, 1952

"I, Dion Archambault, hereby release and discharge the Blackstone Hotel from any claim that I have against the Blackstone Hotel by reason of filing a complaint against the said Dion Archambault in the Municipal Court of the City of Chicago.

"Dion A. Archambault."

A motion to strike the additional defense was filed by the plaintiff for the reason that the allegation that the plaintiff executed a full, complete and valid release is a conclusion of the pleader and not supported by the release and for the further reason that the release not being under seal no consideration is presumed, and that there being no consideration recited in the document, the release is null and void. No reply to the plaintiff's brief has been filed.

It is undoubtedly a correct statement of the law that a release not under seal requires consideration to be valid. Cuneo Press, Inc. v. Claybourn Corporation, 7 Cir., 90 F.2d 233. However, it cannot be determined from the face of the defendant's pleading that there was no consideration for the release, although it is true that no consideration was recited in the instrument. Since the answer alleges that the release was "valid", we must assume for the purpose of this motion that there was consideration. In the case of Illinois Central R. Co. v. Read, 37 Ill. 484, 485, at page 511, the court said:

"We have looked into the books, and can find no case wherein it has been held in *pleading* a release that it should be averred it was under seal. A release, *ex vi termini*, imports a seal, and *it is matter of evidence whether it have a seal or not*, if a seal be necessary. * * * when a valuable consideration is expressed in a release, or *otherwise proved to have passed between the parties*, it is totally immaterial whether the instrument is sealed or otherwise."

The motion to strike the additional defense is denied.